Paul F. JOHN, Lillie John and John's Welding & Construction, Inc., Petitioners,

v.

The STATE of Texas, Respondent.

No. D–1557.

Supreme Court of Texas.

Feb. 26, 1992.

Rehearing Overruled April 22, 1992.

---

1. Rule 245 was amended in 1991 and now requires at least a 45 day notice to the parties before trial.

Bennie Bock, II, New Braunfels, Laura Cavaretta, and Paul M. Green, San Antonio, for petitioners.

George R. Jennings, and Mark Heidenheimer, Austin, for respondent.

**PER CURIAM.**

█ This is a condemnation case. At issue is whether landowners are entitled to notice providing an opportunity to timely object after a condemnation award is filed with the trial court. The court of appeals held that Paul F. John, Lillie John and John's Welding & Construction Inc. (collectively "the Johns") did not file timely objections to the condemnation award because the timetable for objecting to the award starts with the filing of the award, not the sending or receiving of notice. A majority of this court holds that, in a condemnation proceeding, the parties' time to object to the special commissioners' award is tolled

until the clerk sends the required notice pursuant to section 21.049 of the Texas Property Code.

The state commenced an eminent domain action to condemn the property owned by the Johns. At the special commissioners' hearing, on March 28, 1990, the Johns received an award for the value of their property. On April 2, 1990, the special commissioners' award was filed with the trial court. On April 3, 1990, the clerk should have sent notice to the Johns informing them that the commissioners' award had been filed with the trial court. *See* Tex. Prop.Code § 21.049 (providing that the clerk shall send notice to the parties in the proceeding, by the next working day, indicating that the condemnation award had been filed with the trial court). On April 25, 1990, the clerk finally sent the required notice to the Johns. Two days later, on April 27, 1990, the Johns filed their objections to the award and demanded a trial to determine the value of the property.

The trial court held that it did not have jurisdiction to consider the merits of the case without timely objections and could only perform its ministerial function of entering judgment based upon the commissioners' award. *See* Tex. Prop.Code § 21.-018(a) (providing that objections to the condemnation award must be filed on or before the Monday next following the twentieth day after the day the commissioners file their findings with the court). The court of appeals affirmed the judgment of the trial court on the basis that the Johns did not file timely objections. To support that result, the court of appeals compared section 21.049 of the Texas Property Code to rule 239a of the Texas Rules of Civil Procedure which governs default judgments.[1] The notice requirement of rule 239a has been considered directory, rather than mandatory. *See Petro–Chemical Transport, Inc. v. Carroll,* 514 S.W.2d 240, 244–45 (Tex.1974) (the clerk's failure to send required notice does not affect the

---

1. Rule 239a of the Texas Rules of Civil Procedure provides, in part, that "[i]mmediately upon the signing of the judgment, the clerk shall mail written notice thereof to the party against whom the judgment was rendered...."

finality of the judgment but such a failure may be a predicate for bill of review); *see also Bloom v. Bloom,* 767 S.W.2d 463, 468 (Tex.App.—San Antonio 1989, writ denied) (the clerk's failure to provide the required notice, pursuant to rule 239a, does not constitute reversible error). Thus, reasoning that section 21.049 is likewise directory, the court of appeals held that the clerk's failure to comply with the notice provision does not toll the timetable for objecting to the commissioners' award.

■ Contrary to the court of appeals' analysis, the notice requirements of section 21.049 of the Texas Property Code and rule 239a of the Texas Rules of Civil Procedure are not analogous. Default judgments are distinguishable for two reasons. First, rule 239a specifically states that "failure to comply with the provisions of the rule shall not affect the finality of the judgment." Tex.R.Civ.P. 239a. Thus, unlike section 21.049 of the Texas Property Code, the notice requirement is directory by the express language of rule 239a.[2] Second, in a condemnation action, the landowner is given a single opportunity to recover damages for the taking of his property by the state for the public benefit. *Coastal Indust. Water Auth. v. Celanese Corp. of Am.,* 592 S.W.2d 597, 599 (Tex.1979). As a result, the procedures set forth in the condemnation statute must be strictly followed and its protections liberally construed for the benefit of the landowner. *See Rotello*

*v. Brazos County Water Control & Improvement Dist.,* 574 S.W.2d 208, 212 (Tex. Civ.App.—Houston [1st Dist.] 1978, no writ). *See also Coastal Indust. Water Auth.,* 592 S.W.2d at 599; *Walling v. State,* 394 S.W.2d 38, 40 (Tex.Civ.App.— Waco 1965, writ ref'd n.r.e.).

■ One such procedure is section 21.049 of the Texas Property Code, which mandates that:

[N]ot later than the next working day after the day the decision [by the special commissioners] is filed, the clerk shall send notice of the decision by certified or registered United States mail, return receipt requested, to the parties in the proceeding, or to their attorneys of record, at their addresses of record.

Tex.Prop.Code § 21.049. In contrast to rule 239a, this section must be construed as mandatory because it is part of the statutory scheme authorizing eminent domain actions and it is designed to protect the landowner. Moreover, since the language of the statute is clear and unambiguous, it should be enforced as written, giving its terms their usual and ordinary meaning, and without resorting to the rules of construction. *See Balios v. Texas Dep't of Pub. Safety,* 733 S.W.2d 308, 310 (Tex. App.—Amarillo 1987, writ ref'd).[3] Therefore, in condemnation cases, the clerk must comply with the notice provisions.

■ In light of section 21.049 of the Texas Property Code, the court of appeals

---

**2.** When a defaulting party does not receive any actual or official notice, rule 306a(4) of the Texas Rules of Civil Procedure provides a limited extension of time before the judgment becomes final and the trial court loses its plenary power. After that limited extension of time has lapsed, the clerk's failure to send notice will not affect the finality of the judgment. Tex.R.Civ.P. 239a.

**3.** The state argues that the notice provision of section 21.049 is directory rather than mandatory because Senator McFarland stated, during the floor debate on the revised property code, that this bill is "a nonsubstantive codification." 2nd and 3rd Reading of Senate Bill 49 on the Senate Floor, p. 2, 1. 23–24. In 1983, during the first called session, the Legislature amended art. 3265 § 5 to require notice to the parties, by the next working day, indicating that the condemnation award had been filed with the trial court. Act of June 19, 1983, H.B. No. 1118, § 5, 68th

Legislature, 1st C.S., ch. 838, 1983 Tex.Gen.Laws 4766. During the second call of the same session, the legislature incorporated this change into the Property Code. Act of 1984, S.B. 49, § 1(d), 68th Legislature, 2nd C.S., ch. 18, 1984 Tex.Gen.Laws 95 (codified as Tex.Prop.Code § 21.049.) Thus, the substantive change occurred prior to the 1984 codification.

Furthermore, the express language of the statute states that the clerk "shall" send notice to the parties in the condemnation proceeding. Shall "is an imperative term, by ordinary meaning, and requires the performance of the act to be performed. Thus, it should be treated as a mandatory term, unless it is apparent that the legislature intended otherwise." *Balios v. Texas Dep't of Pub. Safety,* 733 S.W.2d 308, 310 (Tex. App.—Amarillo 1987, writ ref'd) (citations omitted).

incorrectly applied *Dickey v. City of Houston*, 501 S.W.2d 293 (Tex.1973) which held that a landowner who received notice of the condemnation was charged with the duty to "take cognizance" of subsequent acts of the commissioners including making an award, returning it to the trial court, and having the trial court enter the judgment unless timely objections were filed. *Id.* at 294. After *Dickey*, the legislature passed this mandatory provision, Tex.Prop.Code § 21.049, which supplanted the holding in *Dickey* and required the clerk to send notice to the landowner, by the next working day, confirming that the condemnation award had been filed with the trial court. Thus, notice of the condemnation hearing is not sufficient notice that the landowners' time to object to the condemnation award has begun to run. In the case at bar, the clerk failed to notify the Johns that the special commissioners' award had been filed with the court until after the deadline to object had passed.[4] As a result, the Johns' time to object to the special commissioners' award is tolled until the clerk sends the required notice pursuant to section 21.049 of the Texas Property Code.[5]

Accordingly, pursuant to Tex.R.App.P. 170, without hearing oral argument, a majority of this court grants the Johns' application for writ of error, reverses the judgment of the court of appeals, and remands the cause to the trial court for further proceedings consistent with this opinion.

---

**4.** When a statute provides the method by which notice shall be given in a particular instance, the notice provision must be followed with reasonable strictness. *See Rotello v. Brazos County Water Control & Improvement Dist.*, 574 S.W.2d 208, 212 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ). By sending notice to the Johns after their time to object had lapsed, the clerk failed to follow the notice requirement with reasonable strictness.

**5.** Filing timely objections invokes the jurisdiction of the trial court and transforms the administrative proceeding into a pending cause. *Pearson v. State*, 159 Tex. 66, 315 S.W.2d 935, 937

(1958); *see Seiler v. Intrastate Gathering Corp.*, 730 S.W.2d 133, 137 (Tex.App.—San Antonio 1987, no writ). If objections are not filed timely, the trial court can only perform its ministerial function and render judgment based upon the commissioner's award. *See Pearson*, 315 S.W.2d at 938. However, the clerk's failure to send notice tolls the landowner's time to object. Therefore, in the case at bar, the trial court had jurisdiction to consider the merits of the case because the Johns filed timely objections. *Cf. Packer v. Fifth Court of Appeals*, 764 S.W.2d 775 (Tex.1989).