Opinion filed August 16,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-12-00107-CV

                                                    __________

 

                        D.
ARLON GROVES AS TRUSTEE OF THE 

COURTNEY L. AND LADY A.
GROVES TRUSTS ET AL., Appellants

 

                                                             V.

 

             WIND ENERGY
TRANSMISSION TEXAS, LLC, Appellee



 

                                  On
Appeal from the 132nd District Court

                                                           Scurry
County, Texas

                                                      Trial
Court Cause No. 24049

 



 

M
E M O R A N D U M   O P I N I O N

            This is an appeal from a condemnation award
entered by the trial court.  Wind Energy Transmission Texas, LLC (WETT) has filed
in this court a motion to dismiss this appeal for lack of jurisdiction.  Because
D. Arlon Groves did not timely file objections to the condemnation award in the
trial court, we agree that we lack jurisdiction to consider this appeal.

            Chapter 21 of the Texas Property Code governs
condemnation proceedings in Texas.  See Tex. Prop. Code Ann. ch. 21 (West 2000, 2004, & Supp. 2012). 
Section 21.018(a) provides: 

            A party to a condemnation proceeding may object
to the findings of the special commissioners by filing a written statement of
the objections and their grounds with the court that has jurisdiction of the
proceeding.  The statement must be filed on or before the first Monday
following the 20th day after the day the commissioners file their findings with
the court.

 

Once a party files its objections and serves the condemning
party with the objections, the trial court acquires jurisdiction and can “hear
and determine the issues in the exercise of its judicial powers.”  Pearson
v. State, 315 S.W.2d 935, 937 (Tex. 1958); see also Section
21.018(b).  The special commissioners’ award is vacated, and the case proceeds
in the trial court as any other civil case would proceed.  City of Tyler v.
Beck, 196 S.W.3d 784, 786 (Tex. 2006) (citing Denton County v. Brammer,
361 S.W.2d 198, 200 (Tex. 1962)).  If no objections to the condemnation award
are timely filed in the trial court, the court does not acquire jurisdiction beyond
its ministerial duty to render judgment on the commissioners’ award.  Pearson,
315 S.W.2d at 938.  Such a judgment is not appealable.  Id.  “[T]he
jurisdiction of the appellate court as to the merits of a case extends no
further than that of the court from which the appeal is taken.”  Id. 

            The special commissioners held a hearing on
October 25, 2011.  They determined the amount of the condemnation award and
filed the award with the trial court clerk on the same day, October 25.  However,
the clerk did not send notice of the award until November 1, 2011.  The Supreme
Court of Texas has held that the time to file objections to a condemnation
award is tolled until the clerk sends notice of the award.  John v. State,
826 S.W.2d 138, 139 (Tex. 1992).  Thus, the time for Groves to file his
objections to the award began to run on November 1, and they were due on
November 28, the Monday after twenty days from November 1. See Sections 21.018(a),
21.049.  WETT argues that no objections have been filed.   

            Groves argues that he never received the notice
that the trial clerk sent and that, therefore, his time to file objections has
not begun to run.  However, the Supreme Court did not calculate the time to
file objections based on when the landowner received the notice but, instead,
on when the clerk actually sent the notice.  John, 826 S.W.2d at 141.  Section
21.049 provides: “Not later than the next working day after the day the
decision is filed, the clerk shall send notice of the decision by certified or
registered United States mail, return receipt requested, to the parties in the
proceeding, or to their attorneys of record, at their addresses of record.”  The
statute does not require the party to be served with notice; it only requires
that the clerk send the notice.  See Section 21.049.

            Groves concedes that he received actual notice
of the condemnation award on December 28, 2011, when counsel for Wind
Energy sent him a courtesy copy, but contends that actual notice does not cure
defective service.  Neither in Section 21.018 nor Section 21.049 does the
legislature require that a landowner be served with notice of the condemnation
award.  In contrast, Section 21.016 does require that notice of the
condemnation hearing must be served on a party no later than the 11th day
before the day set for the hearing.[1] 
If the legislature had intended for the notice of the award to be served, it
could have included the same or similar language as it did in Section 21.016
when it required notice of the hearing to be served.  However, the legislature
did not include language requiring service and, in fact, specifically set the
time to file objections to run from the date the commissioners filed the award
in the trial court.  See Sections 21.018, 21.049.  The Supreme
Court found that the clerk’s duty to send notice was mandatory and, thus,
tolled the time to file objections until the clerk fulfilled that duty.  John,
826 S.W.2d at 140–41.  The Supreme Court did not hold that the clerk was
required to serve the landowner with notice.  Id.  Therefore, Groves was
not required to be served with notice of the award.

            Following the Supreme Court’s holding that the
time to file objections is tolled until the clerk sends notice, the time to
file objections here began to run when the clerk sent notice on November 1, making
the objections due on November 28.  Furthermore, even if we were to calculate
the time for Groves to file his objections beginning on the day he received
actual notice, December 28, the objections would have been due on January 23,
2012.  

            In the alternative, Groves argues that we
should treat his special appearance that he filed on November 7, 2011, as
objections to the condemnation award.  In his special appearance, Groves
asserted that the trial court did not have jurisdiction over the case because he
was not named in the correct capacity in the petition to condemn and, thus, the
proper landowners were not before the commissioners or the trial court in the
condemnation proceedings.  However, he did not attack the actual award in his
special appearance.  Instead, he claimed that he, individually, had “no
personal interest in the real property” and that neither trust named in the
suit held “any interest of any kind in the subject property.”  Therefore, we do
not agree with Groves that his special appearance was a timely filed objection
to the award.

            We have reviewed the record to determine if any
other document filed by Groves could be found to be an objection to the
condemnation award.  On January 30, 2012, Groves filed a document entitled
“Defendants’ Request for Ruling on Special Appearance and Response to Wind
Energy Transmission Texas, LLC’s Motion for Entry of Final Judgment.”  In this
document, Groves argued that he was not served with notice of the condemnation
proceeding until after the special commissioners were appointed and, thus, was
not afforded an opportunity to participate in the selection of the
commissioners.  He also again argued that the trial court lacked jurisdiction
because the proper landowners were not named in the petition to condemn.  In
addition, he asserted that his due process rights were violated because the
clerk failed to send notice of the award the day after the commissioners filed
the award in the trial court and because he never received the notice sent by
the clerk.  If we construe the arguments in the January 30 filing as objections
to the condemnation award, the objections were still not filed until seven days
after even the January 23 due date: the due date calculated from December 28,
the day Groves conceded he received actual notice of the award.  The objections
were sixty-three days late from the November 28 due date: the due date
calculated from November 1, the date the clerk sent the notice of the award. 
Therefore, Groves did not timely file objections to the award in the trial
court.  The trial court did not have jurisdiction over the case beyond its
ministerial duty to enter judgment on the commissioners’ award.  Because the
trial court lacked jurisdiction, we also lack jurisdiction.  See Pearson,
315 S.W.2d at 938.  The trial court’s judgment adopting the award of the
special commissioners is not appealable.  See id.

            We grant appellee’s motion to dismiss, and we dismiss
this appeal for want of jurisdiction.

 

                                                                                                PER
CURIAM

August 16, 2012

Panel consists of: Wright, C.J., 

McCall, J., and Kalenak, J.









[1]Section 21.016 was amended in 2011 to require service
not later than the twentieth day before the hearing rather than the eleventh
day; however, the amendment is only applicable to a condemnation proceeding in
which the petition was filed on or after the effective date, September 1,
2011.  Tex. Prop. Code Ann. §
21.016 historical note (West Supp. 2012) [Act effective Sept. 1, 2011, 82nd
Leg., R.S., ch. 81, §§ 12, 24, 2011 Tex. Sess. Law Serv. 354, 359, 363 (West)]. 
We note that WETT filed the petition on August 31, 2011; Groves was served with
notice of the hearing on October 13; and the hearing was held on October 25,
twelve days after Groves received notice.