

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-13-00071-CV

ONCOR ELECTRIC DELIVERY
COMPANY, LLC

APPELLANT

V.

CARL H. BROCKRIEDE

APPELLEE

-----------

**AND**

## NO. 02-13-00072-CV

ONCOR ELECTRIC DELIVERY
COMPANY, LLC

APPELLANT

V.

BRENDA STONE, AS TRUSTEE OF
THE RAMMING LAND TRUST, AND
GREG STONE

APPELLEES

-----------

FROM COUNTY COURT AT LAW NO. 1 OF WICHITA COUNTY

----------

# MEMORANDUM OPINION[1]

----------

These are consolidated permissive interlocutory appeals arising from eminent domain proceedings. In three issues, Oncor Electric Delivery Company, LLC contends that a trial court properly complies with section 21.049 of the property code by sending notice of a special commissioner's award solely to a party and not the party's attorney, even if the party is represented by counsel and that fact is known to the trial court clerk, and even if the trial court clerk may have relied on a notice of award filed by the condemnor that omits the condemnee's counsel's name and address. Tex. Prop. Code Ann. § 21.049 (West 2000). Because the unambiguous language of the statute requires that the clerk send notice either to a party or that party's counsel, we reverse the trial court's orders and remand the cases for judgments on the special commissioners' awards.

## Procedural Background

Oncor filed original petitions for condemnation in both cases seeking to be awarded easements; hearings were set before a panel of special commissioners on June 7, 2012 and June 8, 2012. On June 8, 2012 and June 12, 2012, Oncor filed notices of the special commissioners awards in each case with the trial court. The notices informed the trial court clerk that "the addresses of the parties or their attorney(s) of record . . . are as follows so that notice of the decision can

[1]*See* Tex. R. App. P. 47.4.

2

be sent by certified or registered U.S. Mail, return receipt requested." The notices listed the landowners and one lessee[2] by name, but they did not list their counsel of record.[3] Oncor's counsel contends that this omission was an inadvertent error. In contrast, the notices listed Oncor's counsel's name and address rather than Oncor's. In addition, although the notices filed by Oncor contain a certificate of service stating that they were sent to appellees' counsel, appellees' counsel contends that he never received them.

The trial court clerk sent notice of the special commissioners' awards to appellees individually and to counsel for Oncor by certified mail. The clerk did not send notice of the awards to appellees' counsel.[4] Appellees subsequently filed objections to the awards in the trial court.

Oncor filed pleas to the jurisdiction and motions for judgment in both cases, contending that appellees' objections were not timely filed and that the trial court was therefore required to adopt the special commissioners' findings as true. *See* Tex. Prop. Code Ann. § 21.061 (West 2000); *see, e.g., State v. Garland*, 963 S.W.2d 95, 97 (Tex. App.—Austin 1998, pet. denied) (op. on

---

[2]Appellees Carl H. Brockreide, Brenda Stone, and Greg Stone.

[3]Appellees were represented by the same counsel in the trial court, who also represents them on appeal.

[4]In both cases, Oncor also filed Notices of Payment and Bonds, which stated that the awards had been filed with the trial court judge, stated the amounts of the awards, and noted that Oncor had deposited the amounts awarded into the trust account for appellees' counsel. Oncor deposited the funds on the respective dates of the hearings.

3

reh'g). The trial court denied Oncor's pleas and motions, finding that in each case "notice of the filing of the Commissioners' Award was not properly given under Texas Property Code Sec. 21.049 by the District Clerk and as such the time limitation on filing objections was tolled and [the] objections were timely filed." But the trial court granted Oncor permission to appeal the otherwise interlocutory orders. Oncor filed petitions for permissive appeal in both cases, which this court granted on March 18, 2013.

## Applicable Law

In a condemnation action, the landowner is given a single opportunity to recover damages for the taking of his property by the state for the public benefit. *John v. State*, 826 S.W.2d 138, 140 (Tex. 1992); *Coastal Indus. Water Auth. v. Celanese Corp. of Am.*, 592 S.W.2d 597, 599 (Tex. 1979). As a result, the procedures set forth in the condemnation statute must be strictly followed and its protections liberally construed for the benefit of the landowner. *John*, 826 S.W.2d at 140.

Section 21.049 of the property code provides,

> The judge of a court hearing a proceeding under this chapter shall inform the clerk of the court as to a decision by the special commissioners on the day the decision is filed or on the next working day after the day the decision is filed. Not later than the next working day after the day the decision is filed, the clerk shall send notice of the decision by certified or registered United States mail, return receipt requested, *to the parties in the proceeding, or to their attorneys of record*, at their addresses of record.

4

Tex. Prop. Code Ann. § 21.049 (emphasis added). This section must be construed as mandatory because it is part of the statutory scheme authorizing eminent domain actions and it is designed to protect the landowner. *John*, 826 S.W.2d at 140. Therefore, in condemnation cases, the clerk must comply with the notice provisions. *Id.* The supreme court has held that the language of section 21.049 is clear and unambiguous, and thus it should be enforced as written, giving its terms their usual and ordinary meanings without resorting to the rules of construction. *Id.*

Filing timely objections to a special commissioners' award invokes the jurisdiction of the trial court and transforms an administrative proceeding into a pending cause. *Id.* at 141 & n.5. If objections are not filed timely, the trial court can only perform its ministerial function and render judgment based upon the commissioners' award. *Id.*; *see* Tex. Prop. Code Ann. § 21.061. But if the trial court clerk did not send notice in accordance with section 21.049, the time to object is tolled until the clerk complies. *John*, 826 S.W.2d at 141. Thus, whether the trial court clerk properly sent notice in accordance with section 21.049 is outcome determinative in this case.

**Analysis**

The crux of this dispute is the meaning of the term "or" in section 21.049. Oncor contends that the term is used in the disjunctive; in other words, it means that there are alternative means by which a trial court clerk may properly comply with the notice requirement: the notice may be sent to a party or to a party's

counsel, and either means is sufficient. Appellees contend that the "or" is not used in the disjunctive and that the statute requires notice to a party's attorney of record when that party is represented by counsel. In their argument, appellees focus on the result that they contend is most favorable to them as the landowners and lessees in light of the particular facts of these cases, i.e., that the trial court clerk and Oncor knew that they were represented by counsel, that Oncor's counsel knew as of the date of the special commissioners' awards that appellees wanted to file objections, that appellees' counsel did not receive the notices of awards Oncor filed in the trial court even though the certificates of service stated that Oncor had served appellees' counsel, and that staff in Oncor's counsel's office told appellees' counsel that they did not yet have copies of the awards even after the notices of award had been filed. However, we may not decide the meaning of the statute based on the particular circumstances of this case; as directed by the supreme court, we must determine what the clear and unambiguous language of the statute says. *See id.* at 140.

The term "or" typically is used in the disjunctive to indicate an alternative between different or unlike things. *City of Lubbock v. Adams*, 149 S.W.3d 820, 827 (Tex. App.—Amarillo 2004, pet. denied). Although it can on rare occasions be used to indicate multiple obligations—i.e., as "and"—this usage is generally disfavored. *Id.* (citing *Robinson v. Reliable Life Ins. Co.*, 569 S.W.2d 28, 30 (Tex. 1978)). Nothing in section 21.049 or the general statutory scheme for eminent domain proceedings indicates that the legislature intended the word "or" in

6

section 21.049 to mean "and" or that the legislature intended that the phrase "or to their attorneys of record" replace "to the parties in the proceeding" when the parties are represented by counsel. The legislature could have included those words in the statute if it had so chosen; likewise, it could have engrafted the notice requirements of rule 21a of the rules of civil procedure into the statute. Tex. R. Civ. P. 21a; *see, e.g.*, Tex. Prop. Code Ann. § 27.004(o) (West Supp. 2013) ("A notice and response letter prescribed by this chapter must be sent by certified mail, return receipt requested, to the last known address of the recipient. If previously disclosed in writing that the recipient of a notice or response letter is represented by an attorney, the letter shall be sent to the recipient's attorney in accordance with Rule 21a, Texas Rules of Civil Procedure."); Tex. Tax Code Ann. § 34.04(b) (West Supp. 2013) ("A copy of the petition shall be served, in the manner prescribed by Rule 21a, Texas Rules of Civil Procedure, as amended, or that rule's successor, on all parties to the underlying action not later than the 20th day before the date set for a hearing on the petition.").

Moreover, although in this particular case, the notice provision may have worked to appellees' detriment, generally enforcing the statute as written does not produce an absurd result. *See Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009) (op. on reh'g). Appellees do not deny that they received actual notice of the award from the trial court clerk within the time for filing objections.

7

Accordingly, we are constrained to hold, based on the plain language of section 21.049, that a trial court clerk complies with the notice provision if it properly mails notice to a party only even if the trial court clerk knows that the party is represented by counsel in the proceeding. *See State v. Bristol Hotel Asset Co.*, 65 S.W.3d 638, 643–44 (Tex. 2001) (holding that according to plain language of property code section 21.016(d)—which provides that notice must be sent to party, party's agent, or party's attorney—return of service showing notice to party's agent only should have been admitted as prima facie evidence of compliance with statute); *Groves v. Wind Energy Transmission Tex., LLC*, No. 11-12-00107-CV, 2012 WL 3537811, at *1 (Tex. App.—Eastland Aug. 16, 2012, no pet.) (holding that section 21.049 "does not require the party to be served with notice; it only requires that the clerk send the notice"); *see also Simmons v. Arnim*, 220 S.W. 66, 70 (Tex. 1920) ("Courts must take statutes as they find them. . . . They are not the law-making body. They are not responsible for omissions in legislation. They are responsible for a true and fair interpretation of the written law."). Because the trial court clerk did so in these cases, and because appellees do not dispute that their objections were untimely if the statute's deadlines were not tolled, we sustain Oncor's issues.

## Conclusion

Having sustained both of Oncor's issues, we reverse the trial court's orders denying Oncor's pleas to the jurisdiction and motions for judgment. We remand

the cases for the trial court to render judgments on the special commissioners' awards.  *See* Tex. Prop. Code Ann. § 21.061.

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and MCCOY, JJ.

DELIVERED:  December 12, 2013