

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00855-CV

**BILL MILLER BAR-B-Q ENTERPRISES, LTD.**,
Appellant

v.

**VIA METROPOLITAN TRANSIT AUTHORITY**,
Appellee

From the Probate Court No. 2, Bexar County, Texas
Trial Court No. 2012-ED-0006
Honorable Tom Rickhoff, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:    Catherine Stone, Chief Justice
Karen Angelini, Justice
Rebeca C. Martinez, Justice

Delivered and Filed: October 22, 2014

AFFIRMED

Bill Miller Bar-B-Q Enterprises, Ltd. appeals a judgment awarding it condemnation damages. Bill Miller contends it was deprived of proper notice of the findings made by the special commissioners pursuant to section 21.049 of the Property Code. TEX. PROP. CODE ANN. § 21.049 (West 2000). We affirm the judgment of the trial court.

### FACTUAL AND PROCEDURAL HISTORY

VIA Metropolitan Transit Authority filed a condemnation suit against Bill Miller on February 14, 2012. VIA's original and subsequently amended pleadings were sent to opposing

counsel's address of record. After two hearings were cancelled at the request of Bill Miller, both parties agreed to a hearing date of June 26, 2013. Counsel for Bill Miller later requested via email another continuance, but did not confirm an agreed reset date. The hearing went forward as noticed, and the special commissioners awarded condemnation damages of $33,800 based on VIA's appraisal of the property. Bill Miller did not attend the hearing. The award was filed with the trial court on June 26, 2013.

On July 2, 2013, the trial court clerk sent notices of the award to the parties at their addresses of record by certified mail. Shortly thereafter, it was discovered that the address of record for Bill Miller's counsel was incorrect, and the notices were resent. Counsel for Bill Miller acknowledged that he received notice of the award on August 12, 2013. Despite this, Bill Miller failed to file any objections even after a hearing was held on VIA's "Motion for Judgment in the Absence of Objections" on September 16, 2013.[1] On October 24, 2013, a hearing was held on VIA's "Motion for Rehearing on the Motion for Judgment in the Absence of Objections;" all parties attended and the trial court signed the judgment based upon the special commissioners' award. On appeal, Bill Miller argues that the trial court clerk's failure to send notice of the award as required under section 21.049 deprived it of the opportunity to timely file objections as a prerequisite to an appeal *de novo* before the trial court.

### ANALYSIS

Bill Miller contends that because the trial court clerk failed to accomplish service to counsel for Bill Miller at his correct address, mandatory compliance with section 21.049 was not achieved, thus depriving Bill Miller of the opportunity to timely file its objections to the award.

---

[1] Bill Miller does not raise or brief the issue of whether its response to VIA's Motion for Judgment satisfies the requirements of section 21.018; thus, we do not address it.

*See* TEX. PROP. CODE ANN. § 21.049 (West 2000). However, the record reflects that the clerk complied with the plain language of section 21.049 by sending notice to the parties' attorneys of record, "*at their addresses of record.*" *Id.* (emphasis added). The record further reflects that Bill Miller had *actual* notice of the award as early as August 12, 2013, yet nevertheless failed to file any objections in the weeks before judgment was signed on October 24, 2013. Section 21.018 requires a timely written statement of the objections to the award and their grounds be filed on or before the first Monday following the 20th day after the day the special commissioners file their findings with the court. TEX. PROP. CODE ANN. § 21.018(a) (West 2004). Objections are required to convert the commissioners' hearing from an "administrative proceeding" into a "normal pending cause," without which the trial court is deprived of jurisdiction to consider the merits of the award. *Amason v. Natural Gas Pipeline Co.*, 682 S.W.2d 240, 242 (Tex. 1984); *Am. Tel. & Tel. Co. v. Peurifoy*, 242 S.W.2d 233, 236 (Tex. Civ. App.—Dallas 1951, no writ). Where no objection is filed, the trial court's jurisdiction is limited to the ministerial act of adopting the findings of the commissioners as judgment of the court. TEX. PROP. CODE ANN. § 21.061 (West 2000); *Hubenak v. San Jacinto Gas Transmission Co.*, 141 S.W.3d 172, 179 (Tex. 2004); *John v. State*, 826 S.W.2d 138, 141 n.5 (Tex. 1992). The procedures set forth in Chapter 21 must be strictly followed. *See John,* 826 S.W.2d at 140.

Because Bill Miller failed to file any objections, even after receiving actual notice of the commissioners' findings, the trial court's jurisdiction was limited to adopting the award of the special commissioners. *See* TEX. PROP. CODE ANN. § 21.061 (West 2000). Thus, Bill Miller's complete failure to file objections precludes an appeal from the trial court's judgment adopting the special commissioners' findings. *See* TEX. PROP. CODE ANN. §§ 21.018 (West 2004), 21.061 (West 2000); *Love v. Tex. Express Pipeline, LLC*, No. 10-13-00176-CV, 2014 WL 895507,

at *3-4 (Tex. App.—Waco March 6, 2014, no pet.).  We hold the trial court properly adopted the findings of the special commissioners as judgment of the court, and affirm the judgment of the trial court.


Rebeca C. Martinez, Justice