Opinion issued June 11, 2015



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-14-00899-CV

_____

**THE STATE OF TEXAS, Appellant**

**V.**

**TITAN LAND DEVELOPMENT INC. AND BAUER-HOCKLEY 550, L.P.,
Appellees**

On Appeal from County Civil Court at Law No. 4
Harris County, Texas
Trial Court Case No. 1042641

## O P I N I O N

This eminent-domain case involves a dispute over whether the State of Texas timely filed objections to the special commissioners' award after the award was filed with the trial court. On appeal, the State challenges the trial court's "Judgment in the Absence of Objections to the Special Commissioners' Award."

In one issue, the State asserts that the trial court erred when it determined that the State had not timely filed its objections to the condemnation award.

We reverse and remand.

## Background

The underlying facts are undisputed. The State filed a petition for condemnation, seeking to acquire 85.02 acres of land, out of a larger 549.643-acre tract, owned by Titan Land Development, Inc. ("Titan") and Bauer-Hockley 550, L.P. ("Bauer") for the construction of State Highway 99 in Harris County. The petition was filed in County Civil Court at Law No. 4 ("the trial court"), which appointed three special commissioners "to assess the damages occasioned by such condemnation."

On May 1, 2014, the special commissioners conducted a hearing at which the State's appraisal expert testified that "just compensation" for the taking was $5,808,994. Titan and Bauer's appraisal expert testified that the landowners should be compensated $7,950,780. That same day, the commissioners signed a written statement in which they determined that Titan and Bauer should be awarded $7,500,000 as damages for the condemnation of their property. The commissioners provided a copy of the written award to State's attorney in order for the State to file the written award with the trial court. The State filed the special commissioners' award with the trial court on May 7, 2014.

2

The trial court clerk sent a notice to the parties on May 9, 2014, stating "[t]hat the Award of Special Commissioners was filed on May 7, 2014 in the amount of $7,500,000. You have until the first Monday following 20 days in which to file Objections to this award and make an appeal for a Jury Trial."

On May 30, 2014, the State filed objections to the special commissioners' award, asserting that the award was excessive. The State also objected on the ground that the special commissioners "did not use the proper measure of damages in arriving at the amount set forth in their decision and award."

On June 11, 2014, Titan and Bauer filed their "Motion for Entry of Judgment in the Absence of Objections." They pointed out that, pursuant to section 21.048 of the Texas Property Code, the special commissioners' award was required to have been filed on the day the decision was made or the next working day.[1] Thus, the award should have been filed in the trial court on May 1, 2014 or May 2, 2014. Titan and Bauer also pointed out that Property Code section 21.018(a) "provides that a party must object to the findings of the Special Commissioners 'on or before the first Monday following the 20th day after the day the commissioners file their findings with the court.'"[2] They reasoned that, because section 21.048 required the award to be filed no later than the next

---

[1]     *See* TEX. PROP. CODE ANN. § 21.048 (Vernon 2014).

[2]     *See id.* § 21.018(a) (Vernon 2014).

3

working day after its issuance, any objections to the award were required to have been filed by the first Monday after the expiration of 20 days following May 2, 2014. Titan and Bauer asserted,

> The twentieth day following May 2, 2014 was May 22, 2014, which made the following Monday, May 26, 2014, the deadline to file objections. However, May 26, 2014 was Memorial Day, which is a legal holiday. Under such circumstances, the last day to file objections to the commissioners' findings was Tuesday, May 27, 2014.

Titan and Bauer claimed that the State's objections, filed on May 30, 2014, were filed too late. Finally, they pointed to Property Code section 21.061, which provides, if timely objections are not filed, the court shall adopt the special commissioners' findings as the court's judgment.[3] Titan and Bauer wrote, "This provision is mandatory in the absence of timely-filed objections, and the Court only has jurisdiction to perform its ministerial duty of entering judgment on the award of commissioners in this proceeding."

The State responded to the motion to enter judgment. The State disagreed with Titan and Bauer's position that the period for filing objections to the special commissioners' award began to run from the date the award should have been filed pursuant to section 21.048. The State asserted that, pursuant to Property Code section 21.018, the period to file objections to the award is calculated from the date the award is actually filed, which in this case was May 7, 2014. Using this date,

---

[3] *See id.* § 21.061 (Vernon 2014).

the State claimed that the deadline for filing objections to the award was June 2, 2014. Thus, its objections were timely filed on May 30, 2014.

Titan and Bauer replied, reiterating that section 21.048 requires the special commissioners' award to be filed on the day the decision is made or on the next working day. They pointed out that the State failed to file the award pursuant to section 21.048 because it had filed the award six days later than the date permitted by section 21.048. For this reason, Titan and Bauer asserted, "The State cannot take advantage of its own delay to extend the statutory period within which objections must be filed." They averred, "The State cannot enlarge this Court's jurisdiction by holding the Award of the Special Commissioners beyond the statutory period required for its filing."

The trial court granted Titan and Bauer's motion for entry of judgment. The trial court signed its "Judgment in the Absence of Objections to the Special Commissioners' Award." In the judgment, the trial court determined as follows: "On May 1, 2014, after having heard the evidence presented to them, the Special Commissioners entered an Award in the amount of $7,500,000.00. Objections were to have been filed by May 27, 2014. No objections to the Special Commissioners' Award were timely filed by any party to this lawsuit." The trial court's judgment awarded the State title to the condemned property and ordered that Titan and Bauer recover $7,500,000.00 from the State.

5

This appeal followed. In one issue, the State asserts, "The trial court erred in entering a judgment in absence of objections where the State's objections were filed within the statutory time period for the filing of objections."

On appeal, the parties maintain the positions they held in the trial court. The State asserts that it timely filed its objections to the special commissioners' award pursuant to Property Code section 21.018(a) because it filed the award before the first Monday following the expiration of 20 days from the date that the award was actually filed. In contrast, Appellees assert that, under the facts of this case, the period for filing objections began to run from the date the State should have filed the award, as specified in Property Code section 21.048.

**State's Deadline to File Objections to Special Commissioners' Award**

**A.     Standard of Review**

Resolution of which date began the period for the State to file its objections to the special commissioners' award turns on the application of statutory language to the undisputed facts. We review questions of statutory construction de novo. *Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex. 2011). Our fundamental objective in interpreting a statute is "to determine and give effect to the Legislature's intent." *Am. Zurich Ins. Co. v. Samudio*, 370 S.W.3d 363, 368 (Tex. 2012). "The plain language of a statute is the surest guide to the Legislature's intent." *Prairie View A & M Univ. v. Chatha*, 381 S.W.3d 500, 507 (Tex. 2012).

When statutory text is clear, it is determinative of legislative intent, unless enforcing the plain meaning of the statute's words would produce an absurd result. *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009). The words of the statute cannot be examined in isolation, but must be construed based on the context in which they are used. *TGS–NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 441 (Tex. 2011).

**B.    Analysis**

The State asserts that, on May 30, 2014, it timely filed its objections to the special commissioners' award. The State relies on Property Code section 21.018(a) to support its position that the period for filing the objections is calculated from May 7, 2014, the date the State filed the commissioners' award in the trial court. According to the State, under section 21.018(a), it had until June 2, 2014 to file its objections.

Section 21.018, entitled "Appeal From Commissioners' Findings," provides:

(a) A party to a condemnation proceeding may object to the findings of the special commissioners by filing a written statement of the objections and their grounds with the court that has jurisdiction of the proceeding. The statement must be filed on or before the first Monday following the 20th day after the day the commissioners file their findings with the court.

(b) If a party files an objection to the findings of the special commissioners, the court shall cite the adverse party and try the case in the same manner as other civil causes.

TEX. PROP. CODE ANN. § 21.018 (Vernon 2014).

7

Appellees agree that the State had until the first Monday following the expiration of 20 days to file objections to the commissioners' award. However, Appellees assert that, in this case, the 20-day period began to run on the date that the award was required to be filed under section 21.048(1) of the Property Code

Section 21.048(1) provides:

After the special commissioners in an eminent domain proceeding have assessed the damages, they shall:

(1) make a written statement of their decision stating the damages, date it, sign it, and file it and all other papers connected with the proceeding with the court on the day the decision is made or on the next working day after the day the decision is made[.]

TEX. PROP. CODE ANN. § 21.048(1) (Vernon 2014).

According to Appellees, the special commissioners fulfilled their duty under section 21.048(1) when they "entrusted" the State to file the award with the trial court in accordance with section 21.048(1). Under that provision, the State had until May 2, 2014, which was the next work day after the award was made, to file the award with the trial court. Had the State filed the award on May 2, 2014, the State's objections would have been due, pursuant to section 21.018(a), on May 27, 2014. However, the State did not file the award until May 7, 2014, six days after the date required by section 21.048(1).

Appellees do not disagree that—pursuant to section 21.018(a)—had the commissioners, rather than the State, untimely filed the award on May 7, 2014, the

8

State's deadline to file its objections would have been June 2, 2014. However, Appellees assert that, because the State, not the commissioners, "delayed" filing the award until May 7, 2014, the State should not benefit from its own tardiness; it should not be allowed "to enlarge" the period for filing its objections. Further, Appellees state that the statutory framework does not permit the State "[to] manipulate the time period within which its own objections could be filed by delaying in filing the award with the court, despite the mandatory obligation of Section 21.048 of the Texas Property Code."

As stated, "The plain language of a statute is the surest guide to the Legislature's intent." *Chatha*, 381 S.W.3d at 507. Here, the plain language of the statutory provisions reveals that only one provision governs when objections to the commissioners' award must be filed. That provision is section 21.018(a). *See State v. Garland*, 963 S.W.2d 95, 97 (Tex. App.—Austin 1998, pet. denied) (holding that, under plain statutory language, starting point for computing deadline to file objections to commissioners' award is actual filing date of the award, irrespective of whether the State, which filed award for commissioners, had failed to timely file award pursuant to section 21.048).

Undeniably, section 21.048's language, requiring the award to be filed by the next work day after it is made, indirectly affects when a party's objections will be due. However, neither section 21.018 nor section 21.048 addresses the remedy,

9

or any penalty, for the untimely filing of the commissioners' award, whether the untimely filing is made by the commissioners or by a party on the commissioners' behalf. Rather, section 21.018 serves to ameliorate the effect of an untimely filing by directly linking the period during which a party must object to the date the award is filed. *See* TEX. PROP. CODE ANN. § 21.018(a). In this way, the party desiring to object has the full time period in which to object even when the award is filed late.

If it had intended either (1) to make the starting point for the objection period the same date that the award was required to be filed under section 21.048 or (2) to restrict a party's ability to benefit from section 21.018's objection period when that party played a role in causing the award to be filed late, the Legislature could have enacted such provisions. *See Garland*, 963 S.W.2d at 99 ("Had the Legislature intended the time period to run from the *signing* of the actual award, or from the date that the award *should* have been filed in court, it could easily have said so."). Absent such provisions and given the plain language of section 21.018(a), we are without authority to shorten the length of time that the State had to file its objections to the award.

We are mindful that sections 21.018 and 21.048 speak to the special commissioners filing the award in the trial court, rather than the State filing the award. However, Appellees have not cited authority permitting a court to deviate

from section 21.018's provisions when the party filing the award is the State rather than the commissioners. Thus, courts must enforce section 21.018 as it is written, giving either party until the first Monday following the expiration of 20 days after the commissioners' award is filed to object.

We note that, in support of their position, Appellees point to the following language in *John v. State*, 826 S.W.2d 138, 140 (Tex. 1992):

> [I]n a condemnation action, the landowner is given a single opportunity to recover damages for the taking of his property by the state for the public benefit. . . . As a result, the procedures set forth in the condemnation statute must be strictly followed and its protections liberally construed for the benefit of the landowner.

In *John*, the trial court clerk did not mail notice of the commissioners' award to the property owners within the time period required in Property Code section 21.049. *Id.* at 139. The clerk mailed the notice 22 days late. *Id.* At that point, the time for filing objections under section 21.018(a) had elapsed. *Id.* Two days after the clerk mailed the notice of award, the property owners filed their objections. *Id.*

The Supreme Court of Texas held that the landowners' objections were timely filed because the period to object to the commissioners' award was tolled until the clerk mailed the notice of award as required by section 21.049. *Id.* The court characterized section 21.049 as being mandatory, determining that "in condemnation cases, the clerk must comply with the notice provisions." *Id.* at 140.

11

Here, Appellees assert that, similar to section 21.049, section 21.048 is mandatory. Appellees posit, "The language of Section 21.048 is mandatory, and a liberal construction of Section 21.048 for the benefit of the landowner does not permit a mechanical operation of Section 21.018 to trump the mandatory requirement of Section 21.048."

It logically follows that a liberal construction of the statutory scheme results in the tolling of the time for landowners to file their objections when they have not been given proper notice of the commissioners' award by the court clerk, as in *John*. However, a liberal construction of section 21.048's filing requirement does not logically result in a reduction of the amount of time in which the State may object. Section 21.018 appears to already anticipate noncompliance with the filing requirement of section 21.048 by providing that the starting point to calculate when objections must be filed is the date the award is actually filed rather than the date the award should have been filed under section 21.048.

Moreover, in *John*, the statute was liberally construed to alleviate the effects of section 21.018's time requirement for filing objections when the property owner had not received timely notice of the filing of the award. *Id.* The lack of notice had limited the property owner's statutory right to timely object to the award. *See id.* at 139. In contrast, here, Appellees do not request the statutory provisions be

construed in a manner to aid them in preserving their statutory right to object, rather they seek to limit the State's right.

Given the plain language of section 21.018, we conclude that the State had until June 2, 2014 to file its objections to the special commissioners' award. The State's objections, filed on May 30, 2014, were timely. We hold that the trial court erred when it granted the Appellees' motion for entry of judgment and signed the "Judgment in the Absence of Objections to the Special Commissioners' Award."

We sustain the State's sole issue.

## Conclusion

We reverse the judgment of the trial court and remand for further proceedings.

Laura Carter Higley
Justice

Panel consists of Justices Jennings, Higley, and Huddle.