# Court of Appeals
## Tenth Appellate District of Texas

10-23-00220-CV

The State of Texas,
Appellant

v.

S. Lalani, Inc., a Texas Corporation, and 287 Highway Shell, LLC, a
Texas Limited Liability Company D/B/A Highway Shell,
Appellees

On appeal from the
County Court at Law of Navarro County, Texas
Judge Amanda D. Putman, presiding
Trial Court Cause No. C22-30791-CV

CHIEF JUSTICE JOHNSON delivered the opinion of the Court.

## MEMORANDUM OPINION

In this condemnation case, the State of Texas appeals from the trial court's judgment adopting the award of the special commissioners. The State argues in its sole issue that the trial court erred by entering final judgment on the special commissioners' award because the State timely filed objections to the award pursuant to section 21.018(a) of the Property Code. *See* TEX. PROP. CODE ANN. § 21.018(a). We will affirm.

## A. Background

The State instituted a condemnation proceeding against S. Lalani, Inc., a Texas Corporation, and 287 Highway Shell, LLC, a Texas Limited Liability Company D/B/A Highway Shell (collectively, Lalani). The State sought to condemn a 3,385-square-foot tract of land owned by Lalani in order to expand a state highway in Navarro County.

Pursuant to section 21.014 of the Property Code, special commissioners were appointed to determine the appropriate amount of compensation to award Lalani for the condemnation of their property. The special commissioners met on January 18, 2023, and heard testimony from experts for the State and Lalani. The State's expert testified that the just compensation due Lalani was $1,491,449.00, while Lalani's expert testified that $3,698,375.00 was just. After considering the testimony and evidence, the special commissioners awarded Lalani $3,500,000.00 as compensation for the condemnation.

On January 19, 2023, the State submitted the proposed award to the district clerk for the trial court's consideration and signature. The State asked the clerk to notify all parties and counsel of the "filing of this Award with the Judge of this Court by certified mail, return receipt requested." The record shows that the trial court signed the award at 8:56 p.m. that same night and that the clerk file stamped the signed award at 8:07 a.m. the following

morning, Friday, January 20, 2023. The clerk sent notice of the award to each of the parties via certified mail on Monday, January 23, 2023.

On February 7, 2023, the State deposited $3,500,000.00 into the registry of the court and then, on February 15, 2023, filed objections to the commissioners' award. Lalani filed a Motion for Entry of Judgment in Absence of Objection, in which it urged that the State's objections were untimely filed. After a hearing, the trial court granted Lalani's motion and found that the State did not timely file objections to the award of the special commissioners. The trial court signed its judgment adopting the special commissioners' award and ordered the clerk to release to Lalani the $3,500,000.00 award deposited in the court's registry. This appeal followed.

## B. Issue

The State argues that the trial court erred in entering final judgment on the special commissioners' award because it (1) timely filed its objections, and (2) the time to file objections was tolled until January 23, the date the clerk mailed notice of the award to the parties.

## 1. Authority

Section 21.018(a) of the Property Code provides:

> A party to a condemnation proceeding may object to the findings of the special commissioners by filing a written statement of the objections and their grounds with the court that has jurisdiction of the proceeding. The statement must be filed on or before the first

Monday following the 20th day after the day the commissioners file their findings with the court.

TEX. PROP. CODE ANN. § 21.018(a). Section 21.049 provides:

The judge of a court hearing a proceeding under this chapter shall inform the clerk of the court as to a decision by the special commissioners on the day the decision is filed or on the next working day after the day the decision is filed. Not later than the next working day after the day the decision is filed, the clerk shall send notice of the decision by certified or registered United States mail, return receipt requested, to the parties in the proceeding, or to their attorneys of record, at their addresses of record.

*Id.* § 21.049.

We review questions of statutory construction de novo. *REME, L.L.C., v. State*, 709 S.W.3d 608, 611 (Tex. 2025) (per curiam); *MCI Sales & Serv., Inc. v. Hinton*, 329 S.W.3d 475, 500 (Tex. 2010). "When interpreting statutes, we look to the plain meaning of the enacted text" and apply that plain meaning "unless a different meaning is apparent from the context or the plain meaning leads to absurd or nonsensical results." *REME*, 709 S.W.3d at 611 (quoting *KMS Retail Rowlett, LP v. City of Rowlett*, 593 S.W.3d 175, 183 (Tex. 2019)). We examine the technical or particular meaning the words have acquired and consider specific statutory language in context, "looking to the statute as a whole." *Id.*

2. Discussion

Because section 21.018 requires objections to the commissioners' award to be filed on or before the first Monday following the 20th day after the

findings are filed with the court, we must first determine when the award was "filed with the court." *See* TEX. PROP. CODE ANN. § 21.018(a).

The State argues that the commissioners' award was filed on January 19, 2023, but because the clerk did not send notice of the award until January 23, 2023, the date for filing objections did not start until that day. The State continues that twenty days after January 23, 2023, was Sunday, February 12, 2023, so, under the enlargement provision of section 311.014(b) of the Government Code, that extended the objection period until Monday, February 13, 2023.[1] The first Monday following February 13, 2023, was Monday, February 20, 2023, but that was a legal holiday—President's Day—thereby extending the objection deadline to February 21, 2023. Therefore, according to the State, its objections were due to be filed on February 21, 2023, and they were timely filed on February 15, 2023.

Lalani counters that the award was filed on January 20, 2023, and the time period to file objections began to run on that day. Twenty days after January 20, 2023, was Thursday, February 9, 2023. Therefore, according to Lalani, objections were due to be filed on Monday, February 13, 2023. Lalani

---

[1] In *REME*, the twenty-day time period ended on a Sunday. 709 S.W.3d at 610 n.1. The State argued that under section 311.014(b) of the Government Code, the objection date would be enlarged to Monday, making objections due the following Monday. *Id.* The court expressed no opinion on the State's application of section 311.014(b) to the objection deadline. *Id.* We also express no opinion on the State's application of section 311.014(b).

contends that because the State did not file its objections until February 15, 2023, they were untimely filed.

In *REME*, the State filed the commissioners' findings as a proposed award with the trial court clerk on Friday, April 16, 2021. 709 S.W.3d at 610. The clerk acknowledged that the award was received and electronically filed for the record on that date. *Id.* On Monday, April 19, 2021, the trial court signed the award and instructed the clerk to notify the parties of the filing date by certified mail, and the clerk did so. *Id.* The State filed objections to the award on May 14, 2021, within the statutory period if calculated from the date of the trial court's signature but untimely if calculated from the date the award was filed with the clerk. *Id.* The trial court determined that the State's objections were untimely and adopted the commissioners' award. *Id.*

On appeal, the State maintained that its objections were timely filed because pursuant to section 21.018, "filing with the court" required judicial receipt to be complete, and the trial court did not sign the award until three days after it was filed with the clerk. *Id.* The court of appeals agreed with the State and reversed the trial court's judgment. *Id.* REME then appealed to the Supreme Court of Texas. The supreme court concluded that under section 21.018, filing the award "with the court" included filing with the clerk, and the deadline to file objections to the commissioners' award was to be calculated from that day. *Id.* at 613.

Unlike *REME*, in the case before us, the trial court signed the award prior to it being filed as part of the record with the clerk. However, *REME* is still instructive. In *REME*, the court stated that the receipt of filings is commonly understood to be a task delegated to the court clerk. *Id*. at 611. The court further stated that its precedent holds that a document is "filed" when put in the custody or control of the clerk. *Id*. In this case, the trial court signed the commissioners' award at 8:56 p.m. on January 19, 2023, at a time that the clerk's office was closed. The award was not received by the clerk until the following morning. The clerk filed the commissioners' award January 20, 2023, the day it was in the clerk's "custody or control." *See id*. The clerk's file mark confirmed the date of filing as January 20, 2023. *See id*. at 613. Therefore, we conclude that the commissioners' award was filed with the court on January 20, 2023. *See id*.

Moreover, we would reach the same result even if we determined the award was filed on January 19, 2023. If the document was filed with the trial court on January 19, 2023, twenty days from the date would be February 8, 2023. The Monday following that day would be February 13, 2023—which is the same date objections were due if it was filed on January 20, 2023. The State argues, however, that the time period to file objections was tolled and did not start until January 23, 2023, because that is the day the clerk notified the parties by certified mail that the award had been filed.

Section 21.049 requires the clerk of the court to send notice of the commissioners' award not later than the next working day after the day the award is filed. TEX. PROP. CODE ANN. § 21.049. Because the award was filed on Friday, January 20, 2023, the day it was stamped as filed by the clerk, we conclude that the clerk's notice sent on Monday, January 23, 2023, the next working day, complied with section 21.049.

The State maintains that because the award was filed on January 19, 2023, the clerk's notice sent on January 23, 2023, failed to comply with section 21.049. Citing *John v. State*, 826 S.W.2d 138 (Tex. 1992) (per curiam), as authority, the State asserts that the time to file objections was tolled until the clerk provided notice on January 23, 2023.

In *John*, the commissioners' award was filed with the trial court on April 2, 1990, and the clerk should have sent notice on April 3, 1990. *Id*. at 139. However, the clerk did not send the required notice until April 25, 1990. *Id*. The Johns filed objections on April 27, 1990, but the trial court deemed them untimely and adopted the commissioners' award. *Id*.

The court noted that condemnation statutory procedures "must be strictly followed and its protections liberally construed *for the benefit of the landowner*." *Id*. at 140 (emphasis added). Because the clerk did not notify the Johns that the commissioners' award had been filed until after the deadline to object had passed, the court held that the Johns' time to object to the award

was tolled until the clerk sent the required notice pursuant to section 21.049. *Id.* at 141. In *John*, the court specifically addressed whether landowners are entitled to notice providing an opportunity to timely object after a condemnation award is filed with the trial court. *Id.* at 139. *John* does not stand for the proposition that tolling applies in every case when notice is sent on a day after the commissioners' award is filed.

There is no dispute that the State had actual notice of the commissioners' award well before the deadline to file objections. The clerk sent notice of the commissioners' award on January 23, 2023, by certified mail, and the record shows the State received that notice on January 26, 2023. The award contained a file stamp of January 20, 2023, informing the State of the date it was filed. *See REME*, 709 S.W.3d at 613. The State deposited the $3,500,000.00 award into the registry of the court on February 7, 2023, before the date objections were due on February 13, 2023.

Unlike the landowners in *John*, the State had actual notice of the commissioners' award well in advance of the deadline to file its objections. *See John*, 826 S.W.2d at 141. The court in *John* provided an equitable remedy for the benefit of the landowners who did not receive notice of the commissioners' award, but the court did not hold that the timetable for filing objections pursuant to section 21.018(a) begins to run when the clerk sends notice of the award. We conclude that based upon the facts before us, the timetable for filing

objections was not tolled until the clerk sent notice of the commissioners' award.  Therefore, whether the commissioners' award was filed on January 19, 2023, or January 20, 2023, the deadline for filing objections was February 13, 2023.  As in *REME*, the State was simply late in filing its objections.  *See REME*, 709 S.W.3d at 613.

> If no party in a condemnation proceeding files timely objections to the findings of the special commissioners, the judge of the court that has jurisdiction of the proceeding shall adopt the commissioners' findings as the judgment of the court, record the judgment in the minutes of the court, and issue the process necessary to enforce the judgment.

TEX. PROP CODE ANN. § 21.061.  We conclude that the trial court was correct in entering the final judgment on the special commissioner's award.  We overrule the State's sole issue on appeal.

## C.  Conclusion

We affirm the trial court's judgment.

_____
MATT JOHNSON
Chief Justice

OPINION DELIVERED and FILED:  July 24, 2025

Before Chief Justice Johnson,
     Justice Smith, and
     Justice Harris
Affirmed
CV06

