ACCEPTED
13-15-00342-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
12/4/2015 11:57:46 AM
Dorian E. Ramirez
CLERK

## NO. 13-15-00342-CV

---

IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT OF TEXAS
AT CORPUS CHRISTI, TEXAS

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
12/4/2015 11:57:46 AM
DORIAN E. RAMIREZ
Clerk

---

**COPANO NGL SERVICES, LLC,**

**Appellant,**

**V.**

**JOHN ASHCRAFT, INDIVIDUALLY AND AS TRUSTEE
FOR THE JOHN ASHCRAFT FAMILY TRUST 2012,**

**Appellee.**

---

**On Appeal From the 23rd Judicial District
Court of Matagorda County, Texas,
Cause No. 15-H-0082**

---

## BRIEF OF APPELLEE

---

**VINCENT L. MARABLE III**
trippmarable@sbcglobal.net
**PAUL WEBB, P.C.**
221 N. Houston
Wharton, Texas   77488
Telephone:     (979) 532-5331
Telecopier:     (979) 532-2902

**JOHN T. MCDOWELL**
jtm@houstontrialattorneys.com
**KACY J. SHINDLER**
ks@houstontrialattorneys.com
**MCDOWELL WELLS, LLP**
603 Avondale Street
Houston, Texas   77006
Telephone:     (713) 655-9595
Telecopier:     (713) 655-7868

**DANNY SHINDLER**
dwshindler@sbcglobal.net
2232 Avenue G
Bay City, Texas   77414
Telephone:     (979) 245-4666
Telecopier:     (979) 244-5342

**ATTORNEYS FOR APPELLEE**

## ORAL ARGUMENT REQUESTED

# TABLE OF CONTENTS

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

STATEMENT REGARDING ORAL ARGUMENT
(TEX. R. APP. P. 38.2(a)(1)(B)). . . . . . . . . . . . . . . . . . . . . . . . 13

RECORD AND PARTY REFERENCES. . . . . . . . . . . . . . . . . . . . 14

BRIEF OF APPELLEE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

INTRODUCTION AND OVERVIEW. . . . . . . . . . . . . . . . . . . . . . 16

STATEMENT OF FACTS (Tex. R. App. P.
38.2(a)(1)(B)). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

STANDARD OF REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

SUMMARY OF RESPONSIVE ARGUMENTS. . . . . . . . . . . . . . . 19

RESPONSIVE ARGUMENTS. . . . . . . . . . . . . . . . . . . . . . . . . . 22

    I.    Copano's Objection To The Special
        Commissioners' Award Was Not Timely
        Filed (Responsive to Copano's Appellant's
        Brief, pp. 7-15). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

        A.    Introduction And Overview. . . . . . . . . . . . . . . . . . 22

        B.    Statutory Construction In Eminent
              Domain/Condemnation Cases. . . . . . . . . . . . . . . 25

        C.    The Condemnation Process And Its
              Deadlines. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

D. Timely Objections To The Special Commissioners' Award. . . . . . . . . . . . . . . . . . . . . . . . . . 31

E. Texas Property Code Section 21.049 And John v. State. . . . . . . . . . . . . . . . . . . . . . . 33

F. Oncor Electric Delivery Co. v. Schunke. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

G. Reasonable Strictness And Actual Notice. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

H. Copano Misstates Mr. Ashcraft's Liberal Construction Arguments.. . . . . . . . . . . . . . . . . 43

I. Copano's Statutory Interpretation. . . . . . . . . . . . . . . 46

II. Rule 21's Electronic Filing And Service Provisions Control (Responsive to Copano's Appellant's Brief, pp. 11-13). . . . . . . . . . . . . . . . 52

III. The Findings Of Fact And Conclusions Of Law Were Appropriate (Responsive to Copano's Appellant's Brief, pp. 15-17). . . . . . . . . . . . . . . . . . 56

CONCLUSION AND PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 58

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 60

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 61

# INDEX OF AUTHORITIES

**CASES:**

Amason v. Natural Gas Pipeline Co., 682 S.W.2d
240 (Tex. 1984).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

American Homeowner Preservation Fund, LP v.
Pirkle, No. 02-14-00293-CV, __ S.W.3d __,
2015 WL 5173066 (Tex. App.–Fort Worth Sep. 3,
2015, pet. filed). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 50

Am. Mut. Liability Ins. Co. v. Parker, 191 S.W.2d
844 (Tex. 1945) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 57, 58

A. O. Smith v. Adair, 96 S.W.3d 700 (Tex. App.–
Texarkana 2003, pet. denied). . . . . . . . . . . . . . . . . . . . . . 56

AVM-Hou, Ltd. v. Capital Metropolitan Transp.
Authority, 262 S.W.3d 574 (Tex. App.–Austin
2008, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

BMC Software Belgium, N. V. v. Marchand,
83 S.W.3d 789 (Tex. 2002). . . . . . . . . . . . . . . . . . . . . . . 58

Bridgestone/Firestone, Inc. v. Glyn-Jones,
878 S.W.2d 132 (Tex. 1994) . . . . . . . . . . . . . . . . . . . . . . 48

Burch v. City of San Antonio, 518 S.W.2d
540 (Tex. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

Butler v. Taylor, 981 S.W.2d 742 (Tex. App.–
Houston [1st Dist.] 1998, no pet.) . . . . . . . . . . . . . . . . . . . . . . 42

Byrd Irr. Co. v. Smythe, 146 S.W. 1064 (Tex. Civ.
App.–San Antonio 1912, no writ). . . . . . . . . . . . . . . . . . . . . . . 26

Chisolm v. Bewley, Mills, 287 S.W.2d 943 (Tex.
1956). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

City of Blue Mound v. Southwest Water Co., 449 S.W.3d
678 (Tex. App.–Fort Worth 2014, no pet.) . . . . . . . . . . . . . . . . . 28

City of Bryan v. Moehlman, 282 S.W.2d 687
(Tex. 1955) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

City of Carrollton v. Singer, 232 S.W.3d 790
(Tex. App.–Fort Worth 2007, pet. denied) . . . . . . . . . . . . . . . . . 25

City of Dallas v. Stewart, 361 S.W.3d 562
(Tex. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

City of Houston v. Derby, 215 S.W.2d 690
(Tex. Civ. App.–Galveston 1948, writ ref'd) . . . . . . . . . . . . . . . . 27

City of Tyler v. Beck, 196 S.W.3d 784
(Tex. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

Clower v. Fannin-Lamar-Delta Counties
Levee Imp. Dist. No. 3, 39 S.W.2d 831
(Tex. Comm'n App. 1931, holding approved) . . . . . . . . . . . . . . . . . . . . . . . . 27

Coastal States Gas Producing Co. v. Pate,
309 S.W.2d 828 (Tex. 1958). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

Crown Life Ins. Co. v. Estate of Gonzalez,
820 S.W.2d 121 (Tex. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

Degen v. General Coatings, Inc., 705 S.W.2d
734 (Tex. App.–Houston [14th Dist.] 1986, no writ) . . . . . . . . . . . . . . . . . 54

Duncan v. Calhoun County Navigation
District, 28 S.W.3d 707 (Tex. App.–Corpus
Christi 2000, pet. denied) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

FKM P'ship, Ltd. v. Bd. of Regents of the Univ.
of Houston Sys., 255 S.W.3d 619 (Tex. 2008) . . . . . . . . . . . . . . . . . . . . . 48

Few v. Charter Oak Fire Ins. Co., 463 S.W.2d
424 (Tex. 1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 53

Freeman v. Freeman, 327 S.W.2d 428 (Tex. 1959) . . . . . . . . . . . . . . . . . 53

Greater Houston German Shepherd Dog
Rescue, Inc. v. Lira, 447 S.W.3d 365 (Tex.
App.–Houston [14th Dist.] 2014, pet. filed) . . . . . . . . . . . . . . . . . . . . . . . 58

Greater Houston Partnership v. Paxton,
468 S.W.3d 51 (Tex. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

Helena Chem. Co. v. Wilkins, 47 S.W.3d 486
(Tex. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 49

Hicks v. Texas Municipal Power Agency,
548 S.W.2d 949 (Tex. Civ. App.–Houston
[14th Dist.] 1977, writ ref'd n.r.e.) . . . . . . . . . . . . . . . . . . . . . . 27

In re City of Georgetown, 53 S.W.3d 328
(Tex. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 54

In re M.A.W., 55 S.W.3d 101 (Tex. App.–
Amarillo 2001, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 56

In re Perritt, 973 S.W.2d 776 (Tex. App.–
Texarkana 1998, orig. proceeding) . . . . . . . . . . . . . . . . . . . . . . 57

In re United Services Auto Ass'n, 307 S.W.3d
299 (Tex. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 53

In re Valliance Bank, 422 S.W.3d 722 (Tex.
App.–Fort Worth 2012, orig. proceeding). . . . . . . . . . . . . . . . . . 44

IKB Industries (Nigeria) Ltd. v. Pro-Line Corp.,
938 S.W.2d 440 (Tex. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . 56

John v. State, 826 S.W.2d 138 (Tex. 1992). . . . . . . . . . . . . . . . . . passim

Johnstone v. State, 22 S.W.3d 408 (Tex. 2000). . . . . . . . . . . . . . . . . 54, 55

King v. Harris County Flood Control Dist., 210 S.W.2d
438 (Tex. Civ. App.–Galveston 1948, writ ref'd n.r.e.). . . . . . . . . . . . . . . 27

Khyber Holdings, LLC v. HSBC Bank USA, Nat.
Ass'n., No. 05-12-01212, 2014 WL 1018195
(Tex. App.–Dallas Mar. 5, 2014, no pet.) (mem. op.) . . . . . . . . . . . . . . . 42

Matador Pipelines, Inc. v. Watson, 626 S.W.2d
139 (Tex. Civ. App.–Waco 1981, writ ref'd n.r.e.) . . . . . . . . . . . . . . . . . . 26

McIntyre v. Lucker, 13 S.W. 1027 (Tex. 1890). . . . . . . . . . . . . . . . . . . 26

Missouri Pac. R. Co. v. Cross, 501 S.W.2d 868
(Tex. 1973). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 53

N.N. v. Institute for Rehabilitation and
Research, 234 S.W.3d 1 (Tex. App.–Houston
[1st Dist.] 2006, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 54

Northeast Texas Staffing v. Ray, 330 S.W.3d 1
(Tex. App.–Texarkana 2010, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . 42

Oncor Electric Delivery Company LLC v. Schunke,
No. 04-13-00067, 2013 WL 6672494 (Tex. App.–
San Antonio Dec. 18, 2013, pet. dism'd). . . . . . . . . . . . . . . . . . . 36, 37, 38

Pearson v. State, 315 S.W.2d 935 (Tex. 1958). . . . . . . . . . . . . . . . . . . . . 32

Roccaforte v. Jefferson Cnty., 341 S.W.3d 919
(Tex. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39, 41, 51

Schepps v. Presbyterian Hosp. of Dallas, 652
S.W.2d 934 (Tex. 1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

State v. Blackstock, 879 S.W.2d 125 (Tex. App.–
Houston [14th Dist.] 1994, writ denied). . . . . . . . . . . . . . . . . . . . . 29

State v. Garland, 963 S.W.2d 95 (Tex. App.–
Austin 1998, pet. denied). . . . . . . . . . . . . . . . . . . . 30, 32, 37, 51

State v. Texas Titan Land Dev., Inc., 468 S.W.3d
705 (Tex. App.–Houston [1st Dist.] 2015, pet. filed). . . . . . . . . . . . . . . . 45

Texas Dept. of Transp. v. A.P.I. Pipe and Supply,
LLC, 397 S.W.3d 162 (Tex. 2013). . . . . . . . . . . . . . . . . . . . 35, 36, 50

Villasan v. O'Rourke, 166 S.W.3d 752 (Tex.
App.–Beaumont 2005, pet. denied). . . . . . . . . . . . . . . . . . . . . . 56

Walling v. State, 394 S.W.2d 38 (Tex. Civ. App.–
Waco 1965, writ ref'd n.r.e.). . . . . . . . . . . . . . . . . . . . . . . . . . 26

Washington v. Related Arbor Court, LLC,
357 S.W.3d 676 (Tex. App.–Houston
[14th Dist.] 2011, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . 41

Williams v. Henderson County Levee
Improvement Dist. No. 3, 59 S.W.2d 93
(Tex. Comm'n App. 1933). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27


Wood v. Bird, 32 S.W.2d 271 (Tex. Civ. App.–
El Paso 1930, no writ). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

**RULES AND STATUTES:**

Tex. Civ. Prac. & Rem. Code § 89.041. . . . . . . . . . . . . . . . . . . . . . . . . 39


Tex. Gov't. Code §  22.004. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 55


Tex. Gov't. Code § 22.004(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 54


Tex. Gov't Code § 311.025. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 56


Tex. Gov't Code § 312.014. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 56


Tex. Prop. Code Chapter 21. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25, 52


Tex. Prop. Code § 21.011. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25


Tex. Prop. Code § 21.0113. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

Tex. Prop. Code § 21.012. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Tex. Prop. Code § 21.012(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

Tex. Prop. Code § 21.013. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Tex. Prop. Code § 21.014. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25, 30

Tex. Prop. Code § 21.015. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25, 30

Tex. Prop. Code § 21.016. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Tex. Prop. Code § 21.018. . . . . . . . . . . . . . . . . . . . . . . . . . . 34, 45, 56

Tex. Prop. Code § 21.018(a). . . . . . . . . . . . . . . . . . . . . . . . . . . passim

Tex. Prop. Code §  21.018(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

Tex. Prop. Code § 21.049. . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

Tex. Prop. Code § 21.061. . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

Tex. R. App. P. 9.4(i)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 61

Tex. R. App. P. 9.4(i)(2)(B). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 61

Tex. R. App. P. 38.2(a)(1)(B). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 17

Tex. R. Civ. P. 21(f)(10). . . . . . . . . . . . . . . . . . . . . . . . . . . . 39, 53, 56

Tex. R. Civ. P. 296. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 57

## STATEMENT REGARDING ORAL ARGUMENT
## (TEX. R. APP. P. 38.2(a)(1)(B))

The appeal presents important issues of statutory interpretation in the eminent domain/condemnation context. Oral argument will assist this Court in analyzing the pertinent provisions of the Texas Property Code which govern the timely filing of objections to the award of special commissioners after that award is filed with the district court.

**RECORD AND PARTY REFERENCES**

Appellee John Ashcraft, Individually and as Trustee for the John Ashcraft Family Trust 2012 is referred to in the Brief of Appellee as "Mr. Ashcraft."

Appellant Copano NGL Services, LLC is referred to in the Brief of Appellee as "Copano."

The original clerk's record is 1 volume and was filed in the Court of Appeals on August 4, 2015. References in the Brief of Appellee to the 1 volume original clerk's record are shown as ("CR ____") with the page number of the clerk's record in parentheses.

A supplemental clerk's record was filed in the Court of Appeals on August 27, 2015. References in the Brief of Appellee to the 1 volume supplemental clerk's record filed on August 27, 2015, are shown as ("8-27-2015 Supp. CR ____") with the page number of the supplemental clerk's record in parentheses.

A second supplemental clerk's record was filed in the Court of Appeals on September 16, 2015. References in the Brief of Appellee to the second supplemental clerk's record filed on September 16, 2015, are shown as ("9-16-2015 Supp. CR ____") with the page number of the second supplemental clerk's record in parentheses.

There is no reporter's record.

The trial court signed Findings of Fact and Conclusions of Law on August 10, 2015. (8-27-2015 Supp. CR 17-22) References in the Brief of Appellee to these findings and conclusions are referred to as ("FF _____") and ("CL _____") with the specifically numbered finding/conclusion in parentheses.

TO THE HONORABLE THIRTEENTH COURT OF APPEALS:

Appellee John Ashcraft, Individually and as Trustee for the John Ashcraft Family Trust 2012 ("Mr. Ashcraft") files his brief of Appellee and requests that this Court affirm the June 24, 2015, final judgment rendered in his favor. (CR 151-186)

## INTRODUCTION AND OVERVIEW

Appellant COPANO NGL SERVICES, LLC ("Copano") sought to condemn property owned by Appellee Ashcraft. (CR 4-23) The Special Commissioners appointed by the district court made an award to Mr. Ashcraft of $1,043,830.00 on April 21, 2015. (CR 31-34) On the same date, Copano filed the award with the district court. (CR 29-59) On the same date, the district clerk sent notice of this filing of the award to Copano by e-mail. (8-27-2015 Supp. CR 18; FF 7, 8 and 9)

Pursuant to Tex. Prop. Code Section 21.018(a), the statutory deadline to file objections to the award of the Special Commissioners was May 18, 2015, the first Monday following the 20th day after the day the award was filed with the Court. Copano filed its objection on May 19, 2015, which was untimely. (CR 91-92) Because Copano did not timely file its objection to the award of the Special Commissioners, the district court properly rendered

judgment for Mr. Ashcraft by adopting the award of the Special Commissioners pursuant to Tex. Prop. Code Section 21.061. (CR 151-186)

## STATEMENT OF FACTS
### (Tex. R. App. P. 38.2(a)(1)(B))

Appellant COPANO NGL SERVICES, LLC ("Copano"), filed via e-file its Petition for Condemnation on March 4, 2015, seeking to condemn property owned by Mr. Ashcraft. (CR 4-23)

An Order Appointing Special Commissioners was signed on March 16, 2015. (CR 24-25) An Order Striking Special Commissioner and Replacing With First Alternate was signed on April 1, 2015. (CR 26-28, 212)

On April 21, 2015, the Special Commissioners made an award to Mr. Ashcraft of one million forty-three thousand eight hundred thirty dollars ($1,043,830.00). (CR 31-34)

Copano offered to file the award of the Special Commissioners with the district clerk. (8-27-2015 Supp. CR 18; FF 5)

Copano filed the Special Commissioners' Award with the district clerk via e-file on April 21, 2015. (CR 29-59) See also Appellant's Brief, p. 4 ("On the day the special commissioners issued their award, April 21, 2015, Copano electronically filed the award with the district clerk (CR:29)."); Copano's Response to Motion for Entry of Judgment (CR 115) ("On April 21, 2015, the

Special Commissioners conducted their hearing in this matter. That same day, Copano filed the Award of Special Commissioners with the Court.").

Copano received notice of its filing electronically on April 21, 2015, from the Matagorda County District Clerk. (8-27-2015 Supp. CR 18; FF 7) Copano had notice of the filing of the Special Commissioners' award on April 21, 2015. (8-27-2015 Supp. CR 18; FF 8) The Matagorda County District Clerk sent notice of the decision by the Special Commissioners to counsel for Copano and Mr. Ashcraft by e-mail on April 21, 2015, and counsel for Copano and Mr. Ashcraft received such e-mail notice on April 21, 2015. (8-27-2015 Supp. CR 18; FF 9)

The deadline to file timely objections to the Award of Special Commissioners was May 18, 2015. (8-27-2015 Supp. CR 19; CL 2) See Tex. Prop. Code Section 21.018(a).

Copano filed its Objection to the Award of Special Commissioners on May 19, 2015. (CR 91-92) Copano's objection was untimely under Tex. Prop. Code Section 21.018(a). (8-27-2015 Supp. CR 19; CL 3,5)

The district clerk mailed copies of the Award of Special Commissioners to John Ashcraft (personally, not through his attorney) and to Copano through its counsel on May 27, 2015, which was after Copano filed its objection. (CR

93).  See also Copano Response to Motion for Entry of Judgment (CR 116, 125-150).

Mr. Ashcraft filed Defendants' Motion for Entry of Judgment on June 9, 2015, asserting that Mr. Ashcraft was entitled to judgment in accordance with Section 21.061 of the Texas Property Code because no timely objection was made to the findings of the Special Commissioners by May 18, 2015.  (CR 94-97)

The trial court conducted a hearing on June 15, 2015.  (CR 212; 8-27-2015 Supp. CR 17)

On June 24, 2015, the district court signed a final judgment in favor of Mr. Ashcraft.  (CR 151-186)  Mr. Ashcraft requested that the district court make findings of fact and conclusions of law on July 9, 2015.  (CR 201-204) The district court signed findings of fact and conclusions of law on August 10, 2015.  (8-27-2015 Supp. CR 17-22)

## STANDARD OF REVIEW

The review of the trial court's June 24, 2015, final judgment (CR 151-186) is de novo.

## SUMMARY OF RESPONSIVE ARGUMENTS

The final judgment signed by the trial court on June 24, 2015, was

properly rendered in accordance with Section 21.061 of the Texas Property Code, following a hearing conducted on June 15, 2015. The findings of fact made by the trial court were proper and based on stipulations of the parties at the June 15, 2015, hearing conducted in this case and the trial court's judicial notice of the district clerk's file in this matter.

The statutory deadline in this case to file timely objection to the findings of the Special Commissioners was May 18, 2015. See Tex. Prop. Code Section 21.018(a). Copano admitted to notice of the filing of the Special Commissioners' award with the Matagorda County District Clerk and to knowledge of the statutory deadline to file objections to the findings of the Special Commissioners. (8-27-2015 Supp. CR 19; CL 4)

Copano did not timely file an objection to the findings of the Special Commissioners by May 18, 2015, and intentionally waited until after May 18, 2015, to file its objection, to see if Mr. Ashcraft intended to object to the findings of the Special Commissioners. (8-27-2015 Supp. CR 19; CL 5)

The trial court properly rendered judgment for Mr. Ashcraft by adopting the award of the Special Commissioners as required by Tex. Prop. Code Section 21.061.

Copano claims that Mr. Ashcraft "sought to inject new legal theories after

judgment was entered." See Appellant's Brief, p.6 (emphasis Copano's). Mr. Ashcraft's arguments in the trial court and on appeal are the same – the trial court properly rendered final judgment for Mr. Ashcraft in accordance with Tex. Prop. Code Section 21.061 because Copano did not file a timely objection to the Award of Special Commissioners pursuant to Tex. Prop. Code Section 21.018(a).

On page 7 of the Appellant's Brief, Copano falsely accuses the trial court of a "series of errors [that] has denied Copano access to the courts and due process guaranteed by our Constitution and statutes, as consistently interpreted by our Supreme Court. It requires swift reversal." These arguments are not only legally erroneous, they are grossly disrespectful to the trial court. The objection deadline to file a timely objection to the special commissioners' award is unambiguously and undisputedly tied to the date of the filing of the award with the trial court. See Tex. Prop. Code Section 21.018(a). It is equally undisputed that Copano had actual notice and actual knowledge of that filing date because Copano filed the award with the court and received an e-filed copy of the filing. (8-27-2015 Supp. CR 18-19; FF 4-9, CL 4-5) The trial court's conclusion that Copano's objection deadline was not tolled under the circumstances of this case does not implicate – even

marginally – issues of constitutional access to the court or due process.

Throughout its brief, Copano characterizes Tex. Prop. Code Section 21.049 as "a jurisdiction-tolling statute". See e.g. Appellant's Brief, p.7. Simply not true. Section 21.049 says nothing about tolling. It only discusses the clerk's mailing of notice of the special commissioners' award. Tolling of the objection deadline is a judicial, not a statutory, construct, and was imposed in John v. State, 826 S.W.2d 138, 140-41 (Tex. 1992), because the landowners had no notice of the filing of the special commissioners' award and no notice that their objection deadline had begun. Those facts are not present in this case.

## RESPONSIVE ARGUMENTS

I.   **Copano's Objection To The Special Commissioners' Award Was Not Timely Filed (Responsive to Copano's Appellant's Brief, pp. 7-15)**

A.   **Introduction And Overview**

The Legislature has decided that in eminent domain/condemnation proceedings the deadline to object to the award of special commissioners is tied to the filing of the award with the district court. See Tex. Prop. Code Section 21.018(a). This provision is entitled "Appeal from Commissioners' Findings" and requires the filing of a written objection with the court that has

jurisdiction over the eminent domain proceeding. This objection "must be filed on or before the first Monday following the 20th day after the day the commissioners file their findings with the court." Tex. Prop. Code Section 21.018(a). (emphasis supplied) If no timely objection is filed, as in this case, the Court must adopt the special commissioners' award as the judgment of the Court. See Tex. Prop. Code Section 21.061.

It is an extraordinary step for a court to override the Legislature's express jurisdictional deadline for appealing an administrative decision. In John v. State, the Supreme Court did so for landowners who had received no notice that a condemnation award had been filed with the court, as any other result would have raised serious constitutional and due process concerns about the condemnation taking. See John v. State, 826 S.W.2d 138, 140-41 (Tex. 1992). Copano relies on the decision in John v. State to argue that its deadline to file an objection was tolled until the district clerk mailed Copano a copy of the award by certified mail pursuant to Tex. Prop. Code Section 21.049. The district clerk did not mail notice of the Award of Special Commissioners to Mr. Ashcraft and Copano until May 27, 2015 (CR 93), which was well after Copano filed its objection to the Award on May 19, 2015 (CR 91-92). The facts support the trial court's finding that Copano was aware of its

objection deadline and intentionally waited to May 19, 2015, to file its objection in order to see if Mr. Ashcraft intended to object to the Award. (8-27-15 Supp. CR 19; CL 4,5).

Unlike John v. State, the issue in this case is not whether the condemnor, Copano, had or received actual notice of the filing of the special commissioners' award with the court. Copano itself filed the award with the court and the clerk served a copy of the award filed by Copano on Copano and Mr. Ashcraft. (CR 29-59; 8-27-2015 Supp. CR 18-19; FF 7,8 and 9; CL 4). Copano had actual notice and knowledge of the Special Commissioners' award and its filing with the court.

The issue this Court must resolve is – in the face of the condemnor's admitted actual notice and knowledge of the filing of the Special Commissioners' award with the trial court – whether a clerk's failure to use a particular method of service is so essential to the administrative scheme that courts should countermand the Legislature's explicit jurisdictional deadline for appealing special commissioners' awards in condemnation cases, which deadline is based on the filing of the award with the court, not on service of the award by the clerk.

Numerous Texas appellate courts have uniformly held that the particular

methods of service specified in a statute are immaterial so long as notice actually occurs. Copano had actual notice and knowledge of the filing of the Special Commissioners' award with the court because Copano itself filed the award. (CR 29-59; 8-27-2015 Supp. CR 18-19; FF 7,8 and 9; CL 4). Copano's arguments destabilize property rights and encourage procedural unfairness against landowners in condemnation cases.

**B. Statutory Construction In Eminent Domain/Condemnation Cases**

Texas Property Code Chapter 21 is entitled "Eminent Domain." The exercise of eminent domain authority is governed by Sections 21.012 through 21.016 of the Texas Property Code. See Texas Property Code Section 21.011. An eminent domain action is a statutory cause of action; condemnation is a process created entirely by statute. See Duncan v. Calhoun County Navigation District, 28 S.W.3d 707, 709 (Tex. App.–Corpus Christi 2000, pet. denied) ("A proceeding in condemnation is a unique type of lawsuit, created entirely by statute."); AVM-Hou, Ltd. v. Capital Metropolitan Transp. Authority, 262 S.W.3d 574, 578 (Tex. App.–Austin 2008, no pet.); City of Carrollton v. Singer, 232 S.W.3d 790, 797 (Tex. App.–Fort Worth 2007, pet. denied).

In this case, the entity exercising eminent domain power is Copano. The

protection afforded citizens by the Texas Constitution against the exercise of condemnation is liberally construed and the statutes governing the exercise of eminent domain power are strictly construed in favor of the landowner and against the entity exercising that power.  See McIntyre v. Lucker, 13 S.W. 1027, 1028 (Tex. 1890); Byrd Irr. Co. v. Smythe, 146 S.W. 1064, 1065-66 (Tex. Civ. App.–San Antonio 1912, no writ); Wood v. Bird, 32 S.W.2d 271, 273 (Tex. Civ. App.–El Paso 1930, no writ).

The rule that condemnation statutes must be strictly followed is for the benefit of the landowner.  See City of Bryan v. Moehlman, 282 S.W.2d 687, 690 (Tex. 1955) ("We recognize the rule expressed in Wilbarger County v. Hall, Tex. Com. App., 55 S.W.2d 797 and other cases cited by respondents that in condemnation proceedings the requirements of the statutes are to be strictly followed.  This rule is for the benefit of the landowner.  Here the statute was strictly complied with in all respects in so far as the protection of the landowner was concerned."); Walling v. State, 394 S.W.2d 38, 40 (Tex. Civ. App.–Waco 1965, writ ref'd n.r.e.) ("The rule is that in condemnation proceedings, the requirements of the statutes are to be strictly followed, and that such rule is for the benefit of the landowner."); Matador Pipelines, Inc. v. Watson, 626 S.W.2d 139, 140 (Tex. Civ. App.–Waco 1981, writ ref'd n.r.e.)

("The rule is that in condemnation proceedings the requirements of the statutes are to be strictly followed, and such rule is for the benefit of the landowner.").

In Clower v. Fannin-Lamar-Delta Counties Levee Imp. Dist. No. 3, 39 S.W.2d 831, 833 (Tex. Comm'n App. 1931, holding approved), the Commission of Appeals explained that with respect to matters of compensation and remedy, eminent domain/condemnation statutes must be liberally construed in favor of the landowner.

> Proceedings to condemn property for public use are special in character, and their validity must depend upon a strict compliance by the condemning authority, with the law authorizing them. ... But, as to compensation and remedy, they should be liberally construed in favor of the property owner.

(emphasis supplied)

See also Williams v. Henderson County Levee Improvement Dist. No. 3, 59 S.W.2d 93, 96 (Tex. Comm'n App. 1933); City of Houston v. Derby, 215 S.W.2d 690, 693 (Tex. Civ. App.–Galveston 1948, writ ref'd); King v. Harris County Flood Control Dist., 210 S.W.2d 438, 440 (Tex. Civ. App.–Galveston 1948, writ ref'd n.r.e.); Coastal States Gas Producing Co. v. Pate, 309 S.W.2d 828, 831 (Tex. 1958); Burch v. City of San Antonio, 518 S.W.2d 540, 544-45 (Tex. 1975); Hicks v. Texas Municipal Power Agency, 548 S.W.2d 949, 953-54

(Tex. Civ. App.–Houston [14th Dist.] 1977, writ ref'd n.r.e.); John v. State, 826 S.W.2d at 140; City of Blue Mound v. Southwest Water Co., 449 S.W.3d 678, 685-686 (Tex. App.–Fort Worth 2014, no pet.).

The principal authority that Copano, the condemnor, relies upon is the Texas Supreme Court's decision in John v. State, which case involved landowners who had no notice or knowledge of the filing of the special commissioners' award with the court.  The Supreme Court discussed the issue of statutory interpretation in eminent domain/condemnation cases as follows:

> Second, in a condemnation action, the landowner is given a single opportunity to recover damages for the taking of his property by the state for the public benefit.  Coastal Indust. Water Auth. v. Celanese Corp. of Am., 592 S.W.2d 597, 599 (Tex. 1979).  As a result, the procedures set forth in the condemnation statute must be strictly followed and its protections liberally construed for the benefit of the landowner.  See Rotello v. Brazos County Water Control & Improvement Dist., 574 S.W.2d 208, 212 (Tex. Civ. App.–Houston [1st Dist.] 1978, no writ).  See also Coastal Indust. Water Auth., 592 S.W.2d at 599; Walling v. State, 394 S.W.2d 38, 40 (Tex. Civ. App.–Waco 1965, writ ref'd n.r.e.).

John v. State, 826 S.W.2d at 140.  The proper statutory interpretation in this case mandates affirmance of the trial court judgment in favor of Mr. Ashcraft, the landowner.

## C.    The Condemnation Process And Its Deadlines

The condemning entity that seeks to acquire property for a public use is

first required to make a bona fide offer to acquire the real property from the owner. <u>See</u> Tex. Prop. Code Section 21.0113. Copano claims to have complied with this provision in paragraph 23 of Plaintiff's Original Statement and Petition for Condemnation. (CR 13)

If the condemning entity cannot reach an agreement with the landowner, the condemning entity "may begin a condemnation proceeding by filing a petition in the proper court." <u>See</u> Tex. Prop. Code Section 21.012(a); <u>Amason v. Natural Gas Pipeline Co.</u>, 682 S.W.2d 240, 241 (Tex. 1984). Copano filed its petition in the district court on March 4, 2015. (CR 4-23) Despite the fact that Section 21.012(a) authorizes the filing of a condemnation proceeding, the case remains in the administrative phase at this point. <u>Amason</u>, 682 S.W.2d at 242. <u>See</u> <u>State v. Blackstock</u>, 879 S.W.2d 125, 126-127 (Tex. App.–Houston [14th Dist.] 1994, writ denied) ("From the time the condemnor files the original statement or petition seeking condemnation, until the time of the special commissioners' award, the proceeding is administrative in nature ... If there is dissatisfaction with the special commissioners' award, either party may timely file objections in the appropriate court. Tex. Prop. Code Ann. § 21.018(a). Upon the filing of the objections, the special commissioners' award is vacated and the administrative proceeding converts into a normal

judicial cause in the civil court.").

The court in which the condemnation petition is filed is required to appoint special commissioners, who are three disinterested real property owners who reside in the County, with provisions for each party to strike one of the appointed commissioners. See Tex. Prop. Code Section 21.014. The district court signed the Order Appointing Special Commissioners on March 16, 2015. (CR 24-25)

The special commissioners are required to schedule a hearing "promptly" to assess damages. See Tex. Prop. Code Section 21.015. The Special Commissioners conducted their hearing and issued their award on April 21, 2015. (CR 31-34)[1] Copano filed the Award of Special Commissioners with the district court on April 21, 2015. (CR 29-59; 8-27-2015 Supp. CR 18; FF 6) Condemnors typically file documents in the trial court for the special commissioners (as Copano did in this case). See State v. Garland, 963 S.W.2d 95, 99 (Tex. App.–Austin 1998, pet. denied) ("Section 21.048 places the burden of filing the commissioners' decision in court on the commissioners themselves. We are informed, however, that a representative of the

---

[1] Condemnation statutes use the terms "findings," "award," and "decision" interchangeably to refer to the special commissioners' award. State v. Garland, 963 S.W.2d 95, 96 n. 1 (Tex. App.–Austin 1998, pet. denied).

condemnor typically offers to carry out the actual filing of the document, and that such offer is usually accepted by the commissioners. We see no reason why the commissioners may not authorize another person, including a party to the proceeding, to fulfil this responsibility.").

### D. Timely Objections To The Special Commissioners' Award

"For more than 150 years, the Legislature has prescribed a thorough and consistent condemnation procedure." City of Dallas v. Stewart, 361 S.W.3d 562, 567 (Tex. 2012). If an objection is made to the decision or award of the special commissioners, the district court determines the value of the condemned property de novo in the same manner as other civil cases. Id; See also Tex. Prop. Code Section 21.018(b) ("If a party files an objection to the findings of the special commissioners, the court shall cite the adverse party and try the case in the same manner as other civil actions.").

The filing of timely objections to the special commissioners' award is the lynchpin of that procedure. Id. Section 21.018(a) of the Texas Property Code fixes the objections deadline as "the first Monday following the 20th day after the day the commissioners file their findings with the court." Tex. Prop. Code Section 21.018(a). This objection deadline is tied to the filing of the award with court, not to notice of the award provided by the district clerk. "The use of the

filing of the decision as the starting point for filing objections has remained

unchanged for more than a century.  ...  The amount of time allowed to file

objections has been enlarged over the years, and the decision is now filed with

the trial court rather than the county judge, but the starting point for computing

the deadline has remained the same:  the date of filing." State v. Garland, 963

S.W.2d at 99.

The timely filing of objections to the findings of the special

commissioners converts an "administrative" matter into a judicial one.  City of

Tyler v. Beck, 196 S.W.3d 784, 786 (Tex. 2006).  Without timely objections

being filed to the award of the special commissioners, the trial court does not

have jurisdiction to entertain an "appeal" of the special commissioners' award

and must instead terminate the case by rendering judgment "on the award" as

a matter of ministerial duty.  Pearson v. State, 315 S.W.2d 935, 938 (Tex.

1958).

The Legislature has codified the principle described above in Property

Code Section 21.061:  "If no party in a condemnation proceeding files timely

objections to the findings of the special commissioners, the judge of the court

that has jurisdiction of the proceeding shall adopt the commissioners' findings

as the judgment of the court ..."  Tex. Prop. Code Section 21.061.  (emphasis

supplied)

Under a plain reading of Property Code Section 21.018(a), Copano filed

its objections late. That should be the end of this matter. Sections 21.018(a)

and 21.061 of the Texas Property Code limit the jurisdiction of the trial court

when timely objections to the special commissioners' award are not filed. The

Legislature has chosen not to create any statutory exceptions to the operation

of Sections 21.018(a) and 21.061.

### E.    Texas Property Code Section 21.049 And John v. State

The Legislature realized that the statutory condemnation scheme and

deadlines could prejudice landowners who did not know that their objection

clock had started to run, so the Legislature enacted Section 21.049 to ensure

that landowners received notice of the triggering event for the filing of their

objection. Texas Property Code Section 21.049 provides as follows:

> Not later than the next working day after the day the [Special
> Commissioners'] decision is filed, the clerk shall send notice of the
> decision by certified or registered United States mail, return receipt
> requested, to the parties in the proceeding, or to their attorneys of
> record, at their addresses of record.

The Legislature enacted Section 21.049 to ensure that landowners

received notice of the triggering event to file objections to the findings of the

special commissioners. See John v. State, 826 S.W.2d 138, 140-41 (Tex.

1992). Section 21.049 is not designed to alter the operation of Sections 21.018 and 21.061, but instead to ensure that landowners know when the period has started in order to timely object. Id. Given Section 21.049's limited purpose, the Supreme Court has recognized only one circumstance in which the operation of the jurisdiction-limiting provisions in Sections 21.018 and 21.061 may be modified. When <u>landowners</u> have <u>no</u> notice of the filing of a special commissioners' award with the court, their objections deadline is tolled until the court clerk sends notice. <u>John</u>, 826 S.W.2d at 140.

In this regard, the Supreme Court stated in <u>John v. State</u> that Section 21.049 of the Property Code is a condemnation statute procedure that "must be strictly followed and its protections liberally construed <u>for the benefit of the landowner</u>." <u>Id</u>. at 140. (emphasis supplied) In holding in <u>John v. State</u> that the objection deadline for the landowner was tolled because the landowner had no notice of the filing of the award with the district court, the Supreme Court explained as follows:

> In contrast to rule 239a, this section must be construed as mandatory because it is part of the statutory scheme authorizing eminent domain actions <u>and it is designed to protect the landowner</u>.

■ ■ ■

Thus, notice of the condemnation hearing is not sufficient notice

that the landowners' time to object to the condemnation award has begun to run. In the case at bar, the clerk failed to notify the Johns that the special commissioners' award had been filed with the court until after the deadline to object had passed. As a result, the Johns' time to object to the special commissioners' award is tolled until the clerk sends the required notice pursuant to section 21.049 of the Texas Property Code.[5]

> 5. If objections are not filed timely, the trial court can only perform its ministerial function and render judgment based upon the commissioner's award. See Pearson, 315 S.W.2d at 938. However, the clerk's failure to send notice tolls the landowner's time to object.

John v. State, 826 S.W.2d at 140-141 and n. 5. (emphasis supplied)

John v. State did not involve any request for tolling by the condemnor and did not involve the factual situation present in this case where the condemnor had actual knowledge of the filing of the special commissioners' award with the district court and received an e-filed copy of the award from the district clerk.

On page 9 of its brief, Copano relies on a footnote in Texas Dept. of Transp. v. A.P.I. Pipe and Supply, LLC, 397 S.W.3d 162, 167 n. 18 (Tex. 2013), to argue that after John v. State, the Supreme Court "subsequently made clear that the 'time for making objections' that trigger the trial court's jurisdiction is tolled 'if the parties are not given proper notice' as required by Section 21.049." (emphasis in Copano brief) The decision relied upon by

Copano is not a statutory condemnation case. The case involves a claim of inverse condemnation and the legal effect of final judgments rendered in 2003 and 2004 on claims of title. There is nothing in A.P.I. Pipe and Supply that is remotely similar to the fact situation present in this case where the condemning entity had actual notice of the filing of the award of the special commissioners because the condemnor filed it with the court and received a file-stamped copy of the filing.

### F.    Oncor Electric Delivery Co. v. Schunke

The other principal authority relied upon by Copano is the unreported decision of the Fourth Court of Appeals in Oncor Electric Delivery Company LLC v. Schunke, No. 04-13-00067, 2013 WL 6672494 (Tex. App.–San Antonio Dec. 18, 2013, pet. dism'd) (mem. op.), where the Fourth Court extended the tolling of objection holding of John v. State to the condemnor, even though the condemnor filed the special commissioners' award with the court and obtained a file-stamped copy from the clerk. The decision in Oncor Elec. Delivery v. Schunke is not binding on this Court and should not be followed by this Court.

The Fourth Court of Appeals relied upon an introductory statement in the first paragraph of the John v. State opinion where the Supreme Court stated that "a majority of this Court holds that, in a condemnation proceeding, the

parties' time to object to the special commissioners' award is tolled until the clerk sends the required notice pursuant to section 21.049 of the Texas Property Code." See Oncor Elec. Delivery v. Schunke, 2013 WL 6672494 at * 3, quoting John v. State, 826 S.W.2d at 139. The Fourth Court of Appeals ignored the three times thereafter in John v. State where the Supreme Court described Texas Property Code Section 21.049 as requiring tolling of the objection deadline for the landowner. See John v. State, 826 S.W.2d at 140, 141 and n. 5.

The Fourth Court of Appeals also cited to the decision in State v. Garland, 963 S.W.2d at 101 in support of its extension of John v. State to the condemnor. Oncor Elec. Delivery v. Schunke, 2013 WL 6672494 at * 3. But, the discussion from State v. Garland relied upon by the Fourth Court of Appeals is dicta because the Court in State v. Garland concluded that "we need not apply an equitable doctrine such as tolling." 963 S.W.2d at 101.

The Fourth Court of Appeals' decision in Oncor Elec. Delivery Co v. Schunke is flawed and wrong because it holds that the unambiguous language and clarity of Section 21.049 overrides the legal principle that condemnation statutes are to be liberally construed for the benefit of the landowner. Oncor, 2013 WL 6672494 at * 3. Section 21.049 is undoubtedly clear and

unambiguous. But, Section 21.049 does not address what should happen when the clerk fails to comply with the mailing obligation described in the statute. It is completely silent in this regard. The tolling of the objection deadline in John v. State was judicially imposed and was not based on any language in Section 21.049 because there is nothing in Section 21.049 which addresses or provides for tolling. Because Section 21.049 does not address tolling, the trial court in this case properly applied the liberal statutory construction principles in holding that the judicially imposed tolling rule from John v. State did not apply to benefit the condemning entity, Copano, where it had knowledge of the filing of the award because Copano filed the award and received a file-stamped copy.

The landowner in Oncor Elec. Delivery v. Schunke sought petition for review in the Supreme Court. The Supreme Court requested a response and the case settled shortly thereafter. This Court should decline to follow the reasoning and holding of the Fourth Court of Appeals in Oncor Elec. Delivery v. Schunke.

## G. Reasonable Strictness And Actual Notice

On page 2 of its brief, Copano argues that Section 21.049 of the Texas Property Code "must be strictly complied with ....". The Supreme Court

actually concluded that the applicable standard was "reasonable strictness". The Supreme Court in John stated that: "When a statute provides the method by which notice shall be given in a particular instance, the notice provision must be followed with reasonable strictness." John, 826 S.W.2d at 141 n. 4. (emphasis supplied) E-mail notice of the award of the Special Commissioners to counsel for Copano and Mr. Ashcraft by the Matagorda County District Clerk on April 21, 2015, complied with Texas Property Code Section 21.049. Texas Rule of Civil Procedure 21(f)(10) provides as follows: "(10) Electronic Notices From the Court. The clerk may send notices, orders, or other communications about the case to the party electronically. A court seal may be electronic."

The notice of the award of the Special Commissioners provided by the Matagorda County District Clerk by e-mail on April 21, 2015, followed Section 21.049 with reasonable strictness. Further, there was actual notice and knowledge by Copano of the filing of the award with the district court. See Roccaforte v. Jefferson Cnty., 341 S.W.3d 919, 926-27 (Tex. 2011) (holding that hand-delivered notice satisfies a statute's notice requirement even when the statute's plain language requires notice by certified or registered mail).

In Roccaforte v. Jefferson County, the Supreme Court construed Tex. Civ. Prac. & Rem. Code Section 89.041, which required notice by registered

or certified mail on the county judge and the county or district attorney by a person suing a county. The plaintiff in that case provided notice by personal service, rather than by mail. The Supreme Court found that there was substantial compliance with the statute and emphasized the County's actual knowledge of the claim.

> Roccaforte provided timely notice of every item required by section 89.0041, and the requisite officials received that notice. Did the Legislature intend to bar Roccaforte's claim, merely because that notice was hand-delivered rather than mailed?
>
> Roccaforte argues that the County's actual notice of the suit and his substantial compliance with section 89.0041 should suffice. A number of courts of appeals (though not the court of appeals in this case) agree with him. The County disagrees, arguing that the statute requires strict compliance with its terms, and dismissal is mandated if those terms are not satisfied.
>
> Section 89.0041 ensures that the appropriate county officials are made aware of pending suits, allowing the county to answer and defend the case. See Howlett, 301 S.W.3d at 846 ("The apparent purpose of section 89.0041 is to ensure that the person responsible for answering and defending the suit–the county or district attorney-has actual notice of the suit itself."); Coskey, 247 S.W.3d at 757 ("Section 89.0041's notice of suit requirement against a county serves the purpose of aiding in the management and control of the City's finances and property ...."). That purpose was served here–the county judge and the district attorney had notice within fifteen days of Roccaforte's filing, and they answered and defended the suit. Cf. Loutzenhiser, 140 S.W.3d at 360 (observing that "if in a particular case a governmental unit were not prejudiced by lack of notice and chose to waive it, we do not see how the statutory purpose would thereby be impaired"). The statute was not intended to create a procedural trap allowing a

county to obtain dismissal even though the appropriate officials have notice of the suit. See Southern Surety Co. v. McGuire, 275 S.W. 845, 847 (Tex. Civ. App.–El Paso 1925, writ ref'd) (holding that failure to present written claim to commissioners' court as required by statute did not bar the claim, because "[t]he purpose of the statute was fully accomplished by [oral presentment]"); See also Coskey, 247 S.W.3d at 757 ("The manner of delivery specified by the statute assures that county officials will receive notice of a suit after it has been filed to enable it to respond timely and prepare a defense."). Because those officers had the requisite notice, we conclude that the trial court erred in dismissing Roccaforte's claims.

Roccaforte, 341 S.W.3d at 926-927.

See also Schepps v. Presbyterian Hosp. of Dallas, 652 S.W.2d 934, 936 (Tex. 1983), quoting Chisolm v. Bewley, Mills, 287 S.W.2d 943, 945 (Tex. 1956) ("Provisions [of a notice statute] which are not of the essence of the thing to be done, but which are included for the purpose of promoting the proper, orderly and prompt conduct of business, are not generally regarded as mandatory.").

A notice statute calling for delivery by registered or certified mail can be satisfied by an alternative method of service. In Washington v. Related Arbor Court, LLC, 357 S.W.3d 676, 681 (Tex. App.–Houston [14th Dist.] 2011, no pet.), the Fourteenth Court of Appeals discussed this issue, collecting numerous cases:

Our position is consistent with a wide range of Texas cases

41

holding that "statutory notice requirements may be satisfied by a method of service other than the prescribed statutory method when the recipient acknowledges receipt and therefore has the actual notice the statutory requirement is intended to guarantee. See, e.g., Roccaforte v. Jefferson County, 341 S.W.3d 919 (Tex. 2011) (holding county officials' acknowledgment of hand-delivered notice satisfied statute's "requisite notice" even though statute required notice to be delivered by certified or registered mail); Goforth v. Bradshaw, 296 S.W.3d 849, 851 (Tex. App.–Texarkana 2009, no pet.) (holding expert reports and CVs sent by regular mail within statutory deadline, which defendants acknowledged receiving, were timely served even though statute required the documents to be served through registered or certified mail); Spiegel v. Strother, 262 S.W.3d 481, 486 (Tex. App.–Beaumont 2008, no pet.) (holding the same when plaintiff sent an expert report and CV by priority mail rather than registered or certified mail and the doctor acknowledged timely receipt of the mailing); Netherland v. Wittner, 662 S.W.2d 786, 787 (Tex. App.–Houston [14th Dist.] 1983, writ ref'd n.r.e.) (holding proper notice was delivered despite registered-mail requirement when appellant admitted actual notice of trial setting by phone call and unregistered mail); Hill v. W.E. Brittain, Inc., 405 S.W.2d 803, 807 (Tex. Civ. App.–Fort Worth 1966, no writ) (holding failure, if any, to comply with rules of service and notice were waived in view of appellants' appearance and full participation at trial); Parr v. Leal ex rel. Duval County, 290 S.W.2d 536, 537 (Tex. Civ. App.–San Antonio 1956, no writ) (admission that notice was sufficient even though rule required notice be delivered by registered mail).

See also Butler v. Taylor, 981 S.W.2d 742, 743-744 (Tex. App.–Houston [1st Dist.] 1998, no pet.) (service by express mail rather than by certified mail as required by statute "fulfilled primary purpose of the statute."); Northeast Texas Staffing v. Ray, 330 S.W.3d 1 (Tex. App.–Texarkana 2010, no pet.); Khyber Holdings, LLC v. HSBC Bank USA, Nat. Ass'n., No. 05-12-01212,

42

2014 WL 1018195 at * 5 (Tex. App.–Dallas Mar. 5, 2014, no pet.) (mem. op.) ("Although Khyber argues that the petition did not 'request to redeem' the Property and was not sent by certified mail, return receipt requested, as required by section 209.011 (m), the petition nevertheless expressed HSBC's intent to redeem the Property. And Khyber does not deny receipt of the petition. It acted in response by filing an answer to the lawsuit. '[W]hen dealing with notice requirements, the technicalities of the method of service are not crucial when the purposes of the notice statute have been satisfied.' Butler v. Taylor, 981 S.W.2d 742, 743 (Tex. App.–Houston [1st Dist.] 1998, no. pet. ... Both the September 9 letter and the petition constitute some evidence of substantial compliance with the requirements of Chapter 209.").

In the present case, Copano has never affirmatively denied that the clerk did not serve notice of the filing of the special commissioners' award on Copano by e-mail and Copano undisputedly had actual notice and knowledge of the filing of the award.

## H. Copano Misstates Mr. Ashcraft's Liberal Construction Arguments

On page 13 of its brief, Copano falsely claims that "ultimately Ashcraft must rely on liberal construction in favor of the landowner to rewrite both the Legislature's clear notice by certified mail requirement in Section 21.049 and

the Supreme Court's consistent interpretation of that requirement." There is no case where the Supreme Court has construed Section 21.049 as tolling the Section 21.018(a) objection deadline where the condemnor has actual knowledge of the filing of the award because the condemnor filed the award with the court and received an e-filed copy of that award filing. Copano cites to several Texas Supreme Court cases, including Crown Life Ins. Co. v. Estate of Gonzalez, 820 S.W.2d 121, 122 (Tex. 1991), for the proposition that the goal of liberal construction is to ensure that "the right of appeal should not be lost due to procedural technicalities". As Mr. Ashcraft has extensively discussed, condemnation/eminent domain proceedings are purely statutory in nature and as to matters of remedies and procedure, the liberal constitution is afforded to the landowner, not the condemning entity. See pp. 25-28, herein. And, as previously explained, Section 21.049 does not address tolling of the deadline to file an objection to the special commissioners' award. Tolling is a judicially imposed doctrine, not an issue of statutory construction. Finally, as the Second Court of Appeals explained in In re Valliance Bank, 422 S.W.3d 722, 728 & n. 3 (Tex. App.–Fort Worth 2012, orig. proceeding), the reasoning of Crown Life, relied upon by Copano, is not absolute.

Next, on page 14 of its brief, Copano says that Mr. "Ashcraft and the trial

44

court missed the point of why statutes are liberally construed – to ensure jurisdiction over appeals, not to deny it."  Copano then cites to the decision in State v. Texas Titan Land Dev., Inc., 468 S.W.3d 705 (Tex. App.–Houston [1st Dist.] 2015, pet. filed), claiming that the First Court of Appeals held in that case that "Section 21.018's time requirement is determined by the 'mandatory' mailing requirement in Section 21.049, and may not logically reduce the State's time to object to an award ...."  Simply not true.  The First Court of Appeals in State v. Titan Land Development, Inc. held that Section 21.018 must be enforced by Courts as written – based on the date of filing of the award.

> We are mindful that sections 21.018 and 21.048 speak to the special commissioners filing the award in the trial court, rather than the State filing the award.  However, Appellees have not cited authority permitting a court to deviate from section 21.018's provisions when the party filing the award is the State rather than the commissioners.  Thus, courts must enforce section 21.018 as it is written, giving either party until the first Monday following the expiration of 20 days after the commissioners' award is filed to object.

468 S.W.3d at 710.  (emphasis supplied)

Finally, on page 14 of its brief, Copano relies upon the Supreme Court's opinion in Greater Houston Partnership v. Paxton, 468 S.W.3d 51 (Tex. 2015), to argue that liberal construction "must remain grounded in the statute's

language," liberal construction is not "tantamount to boundless reach" and liberal construction must yield to "plain and unambiguous language." Mr. Ashcraft advocates a grounded, plain and unambiguous interpretation of Section 21.018(a) – consistent with the case law – that requires that objections to the award of special commissioners be filed "on or before the first Monday following the 20th day after the day the commissioners file their findings with the court." This is a literal interpretation of the statute. And, Mr. Ashcraft's construction of the decision in John v. State – that tolling of the objection deadline is not warranted where the condemnor has actual knowledge of the filing, makes the filing of the special commissioners' award with the court and receives an e-filed copy of the filing – is entirely consistent with the applicable standard of construction for condemnation/eminent domain statutes in Texas – as to compensation and remedy, the statutes must be liberally construed in favor of the landowner. See pp. 25-28, herein.

## I. Copano's Statutory Interpretation

When a landowner receive no notice of the filing of the special commissioners' award, his objection deadline is tolled until the court clerk sends notice. John, 826 S.W.2d at 140. This tolling remedy is necessary to prevent a clerical mistake (failure to send notice) from depriving the landowner

46

of his constitutionally protected "single opportunity to recover damages for the taking of his property." Id. The tolling remedy is not applicable if the clerk follows Section 21.049 with "reasonable strictness," because reasonable strictness is all that is required to effectuate the statute's purpose. John, 826 S.W.2d at 141 n. 4.

Copano's arguments create a new rule that a condemnor's objection deadline is tolled by any variance in the particular method of service rendered under Section 21.049, even where there is actual notice of the filing of the special commissioners' award. Copano's arguments misapply John's principles.

In John, the problem was not the particular method of service that the clerk used to communicate notice of the award; instead, the concern was that the clerk failed to deliver any notice at all to the landowners "until after the deadline to object had passed." Id. at 141. This complete failure to provide notice and the landowners' lack of actual knowledge of the filing of the special commissioners' award with the court justified a tolling remedy in order to protect the landowners' constitutional rights. Id. at 141 n. 4.

Copano seeks to extend John's tolling remedy to benefit a condemnor based solely on the fact that the condemnor received timely written notice from

the clerk by e-mail rather than by certified mail and despite the fact that Copano had actual notice of the filing of the Special Commissioners' award because Copano filed the award. This result is inconsistent with John's reasonable-strictness standard for providing notice: "When a statute provides the method by which notice shall be given in a particular instance, the notice provision must be followed with reasonable strictness." 826 S.W.2d at 141 n. 4. (emphasis supplied) And, it is inconsistent with the proper construction of Section 21.018(a), which unambiguously establishes an objection deadline based on the filing of the special commissioners' award with the district court.

Copano's arguments violate settled rules of statutory construction. Condemnation statutes must not be construed "so woodenly as to reach an absurd result." FKM P'ship, Ltd. v. Bd. of Regents of the Univ. of Houston Sys., 255 S.W.3d 619, 635 (Tex. 2008). Copano's arguments endorse "a result the Legislature almost certainly could not have intended." Bridgestone/Firestone, Inc. v. Glyn-Jones, 878 S.W.2d 132, 135 (Tex. 1994) (Hecht, J., concurring). The absurd result finds no support in the text of the Property Code, which specifies no remedy when a clerk delivers notice by e-mail rather than by mail, but instead fixes the filing of the award as the trigger for the objection deadline period. Compare Tex. Prop. Code Section 21.049

with Sections 21.018(a) and 21.061; see also Helena Chem. Co. v. Wilkins, 47 S.W.3d 486, 494 (Tex. 2001) ("When a statute is silent about the consequences of noncompliance, we look to the statute's purpose to determine the proper consequences.").

Copano's arguments require court clerks to follow Section 21.049's method-of-service provisions with "absolute strictness," allowing any procedural variance – no matter how small – to trump the Legislature's explicit deadline for filing objections to the special commissioners' award. This undermines the Legislature's policy of promoting certainty and finality in the administrative phase of statutory condemnation cases. Section 21.049 plays an important role in the procedural scheme by ensuring that parties get fair warning of the objections deadline, but it is not meant to arm parties with technicalities that they can exploit to alter the Property Code's clear objection deadline.

Copano injects uncertainty into every proceeding where there is any disagreement about whether a particular method of service satisfies a statutory notice requirement.

Copano's arguments destabilize property rights by injecting uncertainty into Texas real-estate transactions. Consider a case where the condemnor has

actual knowledge of the award, files the award, the clerk fails to mail notice under Section 21.049 and the condemnor files no objection until months or years later. In the interim, the original landowner may sell the land to a new owner; indeed, the land may change hands several times.

If Copano's reading of Section 21.049 is right, then the period for filing objections would never begin until certified mail notice from the clerk, and the condemnor or landowner could still object to the special commissioners' award years later.[2] This would cast doubt on the validity of every intervening real-estate transaction involving the land. This offends the important principle that "Texas legal rules governing real-estate transactions" must be designed to prevent "uncertainty" and from "subvert[ing] the orderly transfer of property." Tex. Dep't of Transp. v. A.P.I. Pipe & Supply, LLC, 397 S.W.3d 162, 164-65 (Tex. 2013); American Homeowner Preservation Fund, LP v. Pirkle, No. 02-14-00293-CV, __ S.W.3d __, 2015 WL 5173066 (Tex. App.–Fort Worth Sep. 3, 2015, pet. filed) (rejecting attempts to bypass statutory scheme available to challenge tax sales, in part, because public policy favors the conveyance of free and clear title to purchasers at tax sales).

---

[2]This is precisely what Copano argued in the trial court where it contended that despite its knowledge of the filing of the Special Commissioners' Award with the Court, the deadline to object did not begin to run until May 27, 2015, when the clerk sent notice by mail. (CR 117).

Copano's arguments also facilitate unfairness by providing condemnors a "procedural trap" to spring on landowners. Roccaforte, 341 S.W.3d at 926. The practical realities of the condemnation process – and the potential for abuse – must not be ignored. Condemnors typically file documents in the trial court for the special commissioners (as Copano did in this case). See State v. Garland, 963 S.W.2d 95, 99 (Tex. App.–Austin 1998, pet. denied). When a condemnor files a document on the special commissioners' behalf, the court clerk typically hands the condemnor's agent a file-stamped copy of what was just filed. Or, under current e-filing practices, the clerk e-mails a stamped copy to the filer. Under Copano's construction, a condemnor can toll its deadline to object to a commissioners' award in every instance where the clerk fails to provide certified mail notice. This rewards gamesmanship, since if the landowner believes it is still bound by the statutory deadline for filing objections, the condemnor can wait to see whether the landowner accepts the award before the condemnor makes its own decision about whether to object. The condemnor gets a free look into the landowner's willingness to settle for the amount of the award – a valuable piece of information for future settlement talks.

The real-world impact of Copano's arguments turn John v. State on its

head, loading the deck in the condemnor's favor rather than liberally construing condemnation compensation and remedies for the benefit of landowners, as Texas law requires.  John, 826 S.W.2d at 140.

## II. Rule 21's Electronic Filing And Service Provisions Control (Responsive to Copano's Appellant's Brief, pp. 11-13)

Copano makes a series of "no evidence" allegations on pages 11-12 of its brief claiming that:

1) there is no evidence that the commissioners' decision was e-mailed to Copano's counsel on April 21 and that an evidentiary hearing would have established that the clerk has no record of emailing notice,

2) there is no evidence of when or even if the file-marked award was electronically sent to Copano's counsel, and

3) that Copano "believes" that the trial court's electronic docket would show the "e-filing" was not "accepted" until May 1.

None of these arguments actually refute the state of the record which demonstrates that Copano itself e-filed the award of the special commissioners on April 21, 2015, and that the district clerk served a file-stamped copy on counsel for Copano. (8-27-2015 Supp. CR 18-19, FF 5-9; CL 1-5)  Copano objected to Mr. Ashcraft's proposed findings of fact and conclusions of law. (8-27-2015 Supp. CR 23-27) Nowhere in these objections did Copano assert that the proposed fact findings were wrong or untrue.

Copano only argued that (1) the facts and conclusions had no purpose and could not be considered by the Court of Appeals, (2) Mr. Ashcraft was making new arguments and (3) the findings and conclusions were "legally erroneous". Id.

Since Copano had actual notice and knowledge of the filing of the award and was served an e-mail copy of the filing by the clerk, its deadline to timely object under Section 21.018(a) was May 18, 2015. Id.

Texas Rule of Civil Procedure 21(f)(10) authorizes "Electronic Notices From the Court" and provides that "the clerk may send notices, orders, or other communication about the case to the party electronically." Copano says on page 12 of its brief that Tex. R. Civ. P. 21(f)(10) conflicts with the certified mail requirement in Tex. Prop. Code Section 21.049 and cites to Few v. Charter Oak Fire Ins. Co., 463 S.W.2d 424, 425 (Tex. 1971), for the proposition that "when a rule of the court conflicts with a legislative enactment, the rule must yield." Section 21.049 was enacted by the Legislature effective October 2, 1984. Rule 21(f)(10) became effective January 1, 2014. Texas Rule of Civil Procedure 21(f)(10) controls.

Numerous cases affirm that the Texas Rules of Civil Procedure have the

same force and effect as and are treated as statutes.[3]  Where a Rule of Civil

Procedure and statute conflict, the Rule of Civil Procedure controls if it was

passed subsequent to the statute.[4]

In In re City of Georgetown, 53 S.W.3d 328, 332 & n. 2 (Tex. 2001), the

Texas Supreme Court confirmed that the Legislature relinquished its

rulemaking authority to the Texas Supreme Court in 1939, stating as follows:

> Although we know of no case in which this Court has had occasion to construe the term "other law" when used in a statute, we have said that our rules of procedure "have the same force and effect as statutes." ...
>
> In 1939, when the Legislature by statute "confer[red] upon and relinquish[ed]" to this Court full rulemaking power, it thereby acknowledged our authority to make the law governing civil procedure and evidence.

Id.

---

[3]See, e.g., Freeman v. Freeman, 327 S.W.2d 428, 433 (Tex. 1959); Missouri Pac. R. Co. v. Cross, 501 S.W.2d 868, 872 (Tex. 1973); In re United Services Auto Ass'n, 307 S.W.3d 299, 308 (Tex. 2010) ("Our procedural rules ... have the force and effect of statutes ..."); Degen v. General Coatings, Inc., 705 S.W.2d 734, 735 (Tex. App.–Houston [14th Dist.] 1986, no writ) (stating that promulgation of rules of civil procedure and amendments are legislative acts of Supreme Court and rules have the force of statutes); N.N. v. Institute for Rehabilitation and Research, 234 S.W.3d 1, 14 (Tex. App.–Houston [1st Dist.] 2006, no pet.) (confirming that the Rules of Civil Procedure have the force and effect of statutory provisions and that courts are duty bound to observe and follow those rules and have no authority to deviate from them).

[4]See Texas Government Code Section 22.004(c) ("So that the supreme court has full rulemaking power in civil actions, a rule adopted by the supreme court repeals all conflicting laws and parts of laws governing practice and procedure in civil actions, but substantive law is not repealed."); Johnstone v. State, 22 S.W.3d 408, 409 (Tex. 2000) ("[W]hen a rule of procedure conflicts with a statute, the statute prevails unless the rule has been passed subsequent to the statute and repeals the statute as provided by Texas Government Code section 22.004."). (emphasis supplied)

The Legislature's delegation of rulemaking authority to the Texas Supreme Court is now reflected in Section 22.004 of the Texas Government Code, which reads, in part, as follows:

> (a) The supreme court has the full rulemaking power in the practice and procedure in civil actions, except that its rules may not abridge, enlarge, or modify the substantive rights of a litigant.
>
> (b) The supreme court from time to time may promulgate a specific rule or rules of civil procedure, or an amendment or amendments to a specific rule or rules, to be effective at the time the supreme court deems expedient in the interest of a proper administration of justice.

■ ■ ■

> (c) So that the supreme court has full rulemaking power in civil actions, a rule adopted by the supreme court repeals all conflicting laws and parts of laws governing practice and procedure in civil actions, but substantive law is not repealed.

Texas courts have addressed situations involving conflict between Rules of Civil Procedure and statutes on multiple occasions. A later enacted Rule of Civil Procedure repeals a conflicting statute and prevails over the statute. In Johnstone v. State, 22 S.W.3d 408, 409 (Tex. 2000), the Supreme Court stated as follows:

> [W]hen a rule of procedure conflicts with a statute, the statute prevails unless the rule has been passed subsequent to the statute and repeals the statute as provided by Texas Government

Code section 22.004.[5]

Copano's argument that the certified or registered mail requirement in Section 21.049 controls over authorized e-mailing under Texas Rule of Civil Procedure 21(f)(10) is wrong as a matter of law. The later enacted Rule 21(f)(10) controls.

## III. The Findings Of Fact And Conclusions Of Law Were Appropriate (Responsive to Copano's Appellant's Brief, pp. 15-17)

Copano complains of the trial court's Findings of Fact and Conclusions of Law because there was no evidentiary hearing in this case. But, the trial court did hold a hearing on Ashcraft's motion for entry of judgment on June 15, 2015, and the trial court received stipulations of counsel during this hearing to determine whether rendition of judgment was proper pursuant to Tex. Prop. Code §§ 21.018 and 21.061. The Supreme Court held in IKB Industries (Nigeria) Ltd. v. Pro-Line Corp., 938 S.W.2d 440, 442 (Tex. 1997), that findings and conclusions may be proper and helpful to the appellate court,

---

[5] See also A. O. Smith v. Adair, 96 S.W.3d 700, 704 (Tex. App.–Texarkana 2003, pet. denied) ("[W]hen a rule of civil procedure conflicts with a statute, the statute prevails unless the rule has been passed subsequent to the statute and repeals the statute as provided by Tex. Gov't. Code Ann. § 22.004 ..."); Villasan v. O'Rourke, 166 S.W.3d 752, 762 (Tex. App.–Beaumont 2005, pet. denied) (restating same principle); In re M.A.W., 55 S.W.3d 101, 104 (Tex. App.–Amarillo 2001, no pet.) (restating same rule). The above stated principle is consistent with provisions of the Texas Government Code which state that when two statutes conflict, the later enacted statute controls over the earlier enacted provision. Tex. Gov't Code §§ 311.025, 312.014.

even if the party is not entitled to the findings and conclusions as a matter of right.  See also In re Perritt, 973 S.W.2d 776, 778 (Tex. App.–Texarkana 1998, orig. proceeding) (stating that findings and conclusions on discovery motion, although not required by Rule 296, were considered "helpful to our determination of the issues").

The Findings of Fact and Conclusions of Law document stipulations of counsel made at the June 15, 2015, hearing concerning receipt and notice by the parties' counsel of the filing of the Special Commissioners' award with the court.  (8-27-2015 Supp. CR 17-22)  Copano admits on page 16, footnote 13 of its brief that "the parties discussed [Mr. Ashcraft's] motion [for entry of judgment] with the trial judge, but no evidentiary hearing was held, and no transcript was taken."  Under such circumstances, the Findings of Fact and Conclusions of Law were proper and are properly considered by this Court.

Copano claims on page 16 of its brief that Mr. Ashcraft requested findings for an "illegitimate purpose" and "the entire purpose of [requesting findings and conclusions] was illegitimate."  The basis for these accusations of "illegitimacy" is Copano's assertion that "an appellate court should not decide a case upon a theory different from that upon which it was pleaded and tried," quoting from Am. Mut. Liability Ins. Co. v. Parker, 191 S.W.2d 844, 848

(Tex. 1945). That decision involved "an immaterial allegation of a petition" and the jury's answer to an immaterial issue. Id. Texas law has long required that this Court uphold conclusions of law on appeal if the judgment can be sustained on any legal theory the evidence supports and that erroneous conclusions of law do not require reversal if the controlling findings of fact support the judgment under a correct legal theory. See Greater Houston German Shepherd Dog Rescue, Inc. v. Lira, 447 S.W.3d 365, 370 (Tex. App.–Houston [14th Dist.] 2014, pet. filed); BMC Software Belgium, N. V. v. Marchand, 83 S.W.3d 789, 794 (Tex. 2002) ("If the reviewing court determines a conclusion of law is erroneous, but the trial court rendered the proper judgment, the erroneous conclusion of law does not require reversal."). The trial court rendered a proper judgment.

## CONCLUSION AND PRAYER

The final judgment in favor of Appellee John Ashcraft, Individually and as Trustee for the John Ashcraft Family Trust 2012 should be affirmed.

Respectfully submitted,

**MCDOWELL WELLS, LLP**
John T. McDowell
SBN 13570850
jtm@houstontrialattorneys.com

Kacy J. Shindler
SBN 24088407
ks@houstontrialattorneys.com


603 Avondale Street
Houston, Texas   77006
Telephone:        (713) 655-9595
Facsimile:        (713) 655-7868


Danny Shindler
SBN 18266200
dwshindler@sbcglobal.net
2232 Avenue G
Bay City, Texas   77414
Telephone:        (979) 245-4666
Facsimile:        (979) 244-5342


**PAUL WEBB, P.C.**

  /s/    Vincent L. Marable III
Vincent L. Marable III
SBN 12961600
trippmarable@sbcglobal.net
221 N. Houston
Wharton, Texas   77488
Telephone:        (979) 532-5331
Facsimile:        (979) 532-2902


**ATTORNEYS FOR APPELLEE JOHN ASHCRAFT, INDIVIDUALLY AND AS TRUSTEE FOR THE JOHN ASHCRAFT FAMILY TRUST 2012**

# CERTIFICATE OF SERVICE

I certify that on December 4, 2015, a true and correct copy of the above and foregoing Brief Of Appellee was forwarded to all counsel of record by the Electronic Filing Service Provider, if registered; a true and correct copy of this document was forwarded to all counsel of record not registered with an Electronic Filing Service Provider by certified mail return receipt requested, addressed as follows:

Charles R. "Skip" Watson, Jr.                VIA E-FILE
cwatson@lockelord.com
Locke Lord LLP
600 Congress Avenue, Suite 2200
Austin, Texas   78701


Christopher Dove                             VIA E-FILE
cdove@lockelord.com
Ken McKay
kmckay@lockelord.com
A. Antroy Arreola
aarreola@lockelord.com
Harry Holmes Thompson
hthompson@lockelord.com
Locke Lord LLP
600 Travis Street, Suite 2800
Houston, Texas   77002


                          /s/    Vincent L. Marable III
                          **VINCENT L. MARABLE III**

## CERTIFICATE OF COMPLIANCE

This brief complies with the length limitations of Tex. R. App. P. 9.4(i)(2)(B) because this brief consists of 9,843 words, excluding the parts of the brief exempted by Tex. R. App. P. 9.4(i)(1).

_/s/ Vincent L. Marable III_
**VINCENT L. MARABLE III**